785 So.2d 810 (2001)
J.D. CROOKS, et al.
v.
METROPOLITAN LIFE INSURANCE COMPANY, et al.
No. 2001-CA-0466.
Supreme Court of Louisiana.
May 25, 2001.
Kevin C. O'Bryon, Marta-Ann Schnabel, Counsel for Applicant.
Mickey P. Landry, Christopher J. Roy, Jr., Allen L. Smith, III, Jacques M. Roy, Edward J. Castaing, Jr., William L. Crull, III, Edward J. Crull, III, Jonathan M. Herman, James F. Hinton, Jr., Pamela G. Nathan, Michael E. Parker, Glenn Lyle Maximilian, Thomas Tyner, Christopher M. Trahan, Jennifer L. ANderson, Charles S. McCowan, Jr., John J. Hainkel, III, Charles V. Giordano, Laura S. Brown, Thomas K. Brocato, Counsel for Respondent.
PER CURIAM[*]
Defendants invoke the appellate jurisdiction of this court pursuant to La. Const. art. V, § 5(D), seeking review of a judgment of the court of appeal declaring Act 989 of 1999 unconstitutional. For the reasons that follow, we vacate that judgment and remand the case to the district court for further proceedings.

FACTS AND PROCEDURAL HISTORY
On April 28, 1997, plaintiffs filed suit to recover damages for injuries arising from their exposure to asbestos and asbestoscontaining products designed, manufactured, sold, supplied, or used by the defendants. The petition alleges that these defective and unreasonably dangerous products caused plaintiffs various physical and mental injuries, and they seek relief in the form of damages for past, present and future medical expenses, lost earnings, pain and suffering, and the like. On September 13, 1999, in response to discovery propounded by one of the defendants, plaintiffs admitted that they have not "confirmed or received any diagnosis pertaining to any specific medical condition *811 related to asbestos exposure," but noted for the first time that they planned to "seek medical monitoring and/or medical treatment in the future for such problems if the symptoms manifest themselves." On October 15, 1999, plaintiffs amended their petition to pray for medical monitoring damages pursuant to this court's opinion in Bourgeois v. A.P. Green Industries, Inc., 97-3188 (La.7/8/98), 716 So.2d 355 (Bourgeois I).
In response to plaintiffs' admission that they have no existing physical or mental injury or disease, defendants filed motions for summary judgment seeking the dismissal of plaintiffs' suit. In support, defendants argued that despite the allegations in plaintiffs' petition that they suffer from certain asbestos-related diseases, the discovery responses clearly establish that plaintiffs are seeking only medical monitoring and possible future medical treatment. However, Act 989 of 1999 amended La. Civ.Code art. 2315 to provide that damages do not include costs for medical monitoring or future medical treatment unless such treatment is directly related to a manifest physical or mental injury or disease. The legislature specifically stated that Act 989 is applicable to actions pending on its effective date. Accordingly, because none of the plaintiffs have a current diagnosis of any asbestos-related disease, defendants contended that plaintiffs' suit should be dismissed.
In opposition to the motions for summary judgment, plaintiffs argued that Act 989 cannot be applied to the instant case because to do so would require retroactive application of the Act in violation of due process and equal protection guarantees. Plaintiffs subsequently filed a third amended petition alleging the unconstitutionality of Act 989.
Following a hearing, the district court granted defendants' motions for summary judgment. In its written reasons for judgment, the district court concluded that because plaintiffs do not have a current diagnosis of any asbestos-related disease, the amended version of La. Civ.Code art. 2315 precludes them from recovering damages for future medical treatment and monitoring. On December 3, 1999, the district court signed a written judgment dismissing plaintiffs' suit. Plaintiffs then filed a motion for new trial, arguing that the district court erred in failing to specifically address the constitutionality of Act 989 in its ruling on the motions for summary judgment. The district court denied the motion for new trial, noting Act 989 expressly provides that its provisions are applicable to actions pending on its effective date.
Plaintiffs appealed. On January 17, 2001, the court of appeal reversed the district court's judgment and declared Act 989 unconstitutional, holding that the amended portion of La. Civ.Code art. 2315 "cannot be applied in this case because its retroactive application deprives the plaintiffs of a previously vested right and is thus unconstitutional."
Defendants now appeal to this court pursuant to La. Const. art. V, § 5(D).

DISCUSSION
While the instant appeal was pending in this court, we rendered our opinion in Bourgeois v. A.P. Green Industries, Inc., 00-1528 (La.4/3/01), 783 So.2d 1251 (Bourgeois II). In Bourgeois II, we addressed the constitutionality of Act 989 and held that the Act may not be retroactively applied to divest a cause of action existing prior to July 9, 1999, the effective date of the Act. This holding would appear to validate the court of appeal's judgment in the instant case.
*812 However, for the Bourgeois II holding to apply, the seven factors forming the Bourgeois I cause of action for medical monitoring must have converged prior to July 9, 1999. This inquiry was easily satisfied in Bourgeois II, because the plaintiffs filed their amending petition alleging the occurrence of the Bourgeois I criteria on September 11, 1998, well before the July 9, 1999 effective date of Act 989. By contrast, plaintiffs in the instant case did not file their amending petition seeking medical monitoring damages until October 15, 1999, more than three months after the effective date of Act 989. From the record, we cannot determine whether the seven criteria necessary to establish a need for medical monitoring converged prior to July 9, 1999, or after. This factual determination is critical, because in the former case, plaintiffs will not be barred by Act 989 from asserting their medical monitoring cause of action, but in the latter case, they would be barred.
Accordingly, in light of our holding in Bourgeois II, we find the court of appeal acted prematurely in reversing the judgment of the district court granting summary judgment in favor of defendants. We will therefore vacate the judgment of the court of appeal and remand the case to the district court for a new hearing on the motions for summary judgment, at which time plaintiffs should be allowed to submit evidence demonstrating that the convergence of the factors forming the basis of their medical monitoring cause of action occurred prior to July 9, 1999. The district court should then rule anew on the motions for summary judgment, in accordance with the teachings of our opinion in Bourgeois II.

DECREE
For the reasons assigned, the judgment of the court of appeal is vacated and set aside. This case is remanded to the district court for further proceedings consistent with this opinion.
NOTES
[*] Retired Judge Robert L. Lobrano participated in this decision as Associate Justice Pro Tempore.