STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-675 consolidated with 06-676


LARRY CURTIS, ET AL.

VERSUS

BRANTON INDUSTRIES, INC., ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 174,247
HONORABLE GEORGE CLARENCE METOYER JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Scott R. Bickford
Martzell & Bickford
338 Lafayette St.
New Orleans, LA 70130
(504) 581-9065
Counsel for Plaintiffs-Appellants:
  Larry Curtis
  Michael Jackson
  Edman Landry
  Billy Kees

William Lee Brockman
Attorney at Law
P. O. Box 55490
Metairie, LA 70055
(504) 834-2612
Counsel for Defendant-Appellee:
  Andritz Inc.

**David Ross Frohn**
**Frohn & Thibodeaux**
**P.O. Box 2090**
**Lake Charles, LA 70602-2090**
**(337) 433-5523**
**Counsel for Defendant-Appellee:**
  **Chicago Bridge & Iron**

**Glenn Lyle Maximilian Swetman**
**Aultman, Tyner, Ruffin, Ltd.**
**400 Poydras St., Suite 1900**
**New Orleans, LA 70130**
**(504) 528-9616**
**Counsel for Defendant-Appellee:**
  **Andritz Inc.**

**Jeffrey Matthew Burg**
**Attorney at Law**
**338 Lafayette Street**
**New Orleans, LA 70130**
**(504) 581-9065**
**Counsel for Plaintiffs-Appellants:**
  **Michael Jackson**
  **Billy Kees**
  **Edman Landry**
  **Larry Curtis**

**John W. Martinez**
**Attorney at Law**
**755 Magazine St.**
**New Orleans, LA 70130**
**(504) 581-9065**
**Counsel for Defendant- Appellee:**
  **Zurn Industries**

**PICKETT, Judge.**

The plaintiffs in these consolidated cases appeal the judgment of the trial court granting the motions for summary judgment of Andritz Inc., Zurn Industries, Inc., and Chicago Bridge & Iron Co., and dismissing the claims of the plaintiffs against the defendants.

STATEMENT OF THE CASE

On October 21, 1993, eight plaintiffs who were employees of a paper mill in Pineville, Louisiana, filed suit against twelve defendants alleging exposure to asbestos during their employment from 1968 to the present. The paper mill was originally owned and operated by Bodcaw until 1980, when International Paper became the owner. The defendants were suppliers of material which contained asbestos and/or contractors who constructed immovables which contained asbestos. On December 14, 2000, the plaintiffs amended their petition to add several defendants, including Andritz Inc. (Andritz), Zurn Industries, Inc. (Zurn), and Chicago Bridge & Iron Co. (Chicago Bridge). Andritz was sued as the successor in interest of Kamyr, Inc. Kamyr, Inc. allegedly produced, manufactured, and sold digesters containing asbestos to Bodcaw or International Paper for use in the Pineville mill. Zurn was sued as successor in interest to Erie City Iron Works (Erie). Erie allegedly produced, manufactured, and sold boilers containing asbestos to Bodcaw or International Paper for use in the Pineville mill. Chicago Bridge allegedly produced, manufactured, and sold various tanks containing asbestos to Bodcaw or International Paper for use in the Pineville mill. Several of the plaintiffs and defendants in the original petition have withdrawn or been dismissed from the case.

At the time the motions at issue in this appeal were heard, only four of the original plaintiffs remained: Larry Curtis, Michael Jackson, Billy Kees, and Edman Landry.

In the companion case, Claude Willis and his wife Bessie Willis filed suit against many of the same companies on December 14, 2000, alleging Mr. Willis was exposed to asbestos while working for an insulation contractor at the Pineville paper mill. Andritz, Zurn, and Chicago Bridge were among the defendants named in this suit.

The trial court held a hearing on November 21, 2005, to consider Motions for Summary Judgment and Exceptions of No Right of Action filed by Andritz, Zurn, and Chicago Bridge. All of these motions argued that the claims of the plaintiffs in both suits were barred by peremption pursuant to La.R.S. 9:2772. Chicago Bridge also argued that the claims of the plaintiffs were barred pursuant to La.R.S. 9:2771. The trial court consolidated the cases for the purpose of hearing these motions and exceptions. Following a hearing, the trial court ruled in open court that the claims of the plaintiffs were barred by peremption pursuant to La.R.S. 9:2772 and the claims against Chicago Bridge were barred pursuant to La.R.S. 9:2771. Judgments in conformity with this ruling was signed by the trial court on December 8, 2005. The plaintiffs now appeal. These appeals have been consolidated for the purpose of argument only pursuant to a motion by the plaintiffs' counsel, as all relevant facts and issues of law are identical.

**ASSIGNMENTS OF ERROR**

The plaintiffs assert two assignments of error:

1. The District Court erroneously granted Defendants' motion for summary judgment by relying on the current version of La.R.S. 9:2771 and 9:2772 which were not applicable at the time of the Plaintiffs' tortious exposure

2

to asbestos because Plaintiffs' tortious exposure to asbestos occurred prior to 1990.

2. The District Court erroneously found no right of action for the suit finding Plaintiffs' claims were precluded by the peremption provisions contained in the current version of La.R.S. 9:2771 and 9:2772.

## DISCUSSION

At the outset, we note that the defendants filed motions for summary judgment and exceptions of no right of action and no cause of action which all alleged the same set of facts and were predicated on the same law. While the exception of no cause of action is inapplicable considering the court received evidence, either a summary judgment or a no right of action is an appropriate means for disposing of a peremption issue. *See Ewing v. State ex rel. Department of Transportation and Development*, 99-1556 (La.App. 3 Cir. 3/15/00), 757 So.2d 843, in which this court reviewed a peremption claim pursuant to La.R.S. 9:2772 using the standard for summary judgment. In order to avoid duplication, we will proceed by analyzing the cases using the standard of review applicable to a motion for summary judgment.

Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The predecessor to Andritz, Kamyr, Inc., provided two digesters for use at the Pineville paper mill. Kamyr was involved in the design and supervised the

3

construction of the digesters and associated structures. There is no dispute that these structures are immovable property. They were completed in 1968.

The predecessor to Zurn, Erie City Iron Works, designed and erected a two-drum boiler for use at the Pineville paper mill. There is no dispute that the boiler is an immovable structure. The project was completed in 1967.

Chicago Bridge built several tanks at the Pineville paper mill. These structures were built between 1966 and 1974. There is no dispute that these structures are immovable property.

All of the structures provided by Kamyr, Erie City Iron Works, and Chicago Bridge contained some asbestos. The plaintiffs allege that they were exposed to asbestos while working at the Pineville paper mill and suffered serious injuries as a result of that exposure.

The defendants claim that La.R.S. 9:2772 is applicable in this case. This statute provides a peremption period for claims against a designer, supervisor, or constructor of immovables or improvements to immovables. While recent legislation has reduced the peremption period, the statute provided for a ten-year peremption period at the time of the alleged injuries. The statute, before being amended in 1990, stated:

> A. No action, whether ex contractu, ex delicto, or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
>
> (1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or

4

(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or

(3) If the person performing or furnishing the land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction, does not perform any inspection of the work, more than ten years after he has completed the surveying or the design and planning with regard to actions against that person.

B. The causes which are perempted within the time described above include any action:

(1) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those preparatory to construction or in the design, planning, inspection or observation of construction, or in the construction of any improvement to immovable property;

(2) For damage to property, movable or immovable, arising out of any such deficiency;

(3) For injury to the person or for wrongful death arising out of any such deficiency; and

(4) Any action brought against a person for the action or failure to act of his employees.

This peremptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.

C. If such an injury to the property or to the person or if such a wrongful death occurs during the ninth year after the date set forth in Sub-section A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than eleven years after the date set forth in Sub-section A (even if the wrongful death results thereafter).

5

D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.

E. The peremptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.

F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.

G. Causes of action arising from the performing or furnishing of land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), if not performed preparatory to construction, which exist prior to the effective date of the 1981 Regular Session Amendment to this Section, shall be perempted one year from said date or by the applicable peremptive period established by this Section, whichever is later.

H. (1) The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.

(2) In any such action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues.

In 1990, the supreme court issued an opinion which held that the peremption period provided for in La.R.S. 9:2772 did not apply when a contractor acquires knowledge of a dangerous defect and fails to warn the owner. *Bunge Corp. v. GATX, Corp.*, 557 So.2d 1376 (La.1990). The court reasoned that a claim "which charges defendant with knowledge and failure to warn plaintiff of a hazardous condition in the construction asserts a claim based in fraud." *Id.* at 1388. This opinion was

6

released in March 1990. The legislature acted quickly to amend the statute, and the act was signed by the governor in July 1990. 1990 La. Acts No.712, § 1. The amended statue read as follows (changes in bold):

A. No action, whether ex contractu, ex delicto, or otherwise, **including, but not limited to, an action for failure to warn**, to recover on a contract or to recover damages shall be brought against any person performing or furnishing land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:

(1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or

(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner; or

(3) If the person performing or furnishing the land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction, does not perform any inspection of the work, more than ten years after he has completed the surveying or the design and planning with regard to actions against that person.

B. The causes which are preempted within the time described above include any action:

(1) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those preparatory to construction or in the design, planning, inspection or observation of construction, or in the construction of any improvement to immovable property;

(2) For damage to property, movable or immovable, arising out of any such deficiency;

7

(3) For injury to the person or for wrongful death arising out of any such deficiency; and

(4) Any action brought against a person for the action or failure to act of his employees.

**(5) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained.**

This peremptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.

C. If such an injury to the property or to the person or if such a wrongful death occurs during the ninth year after the date set forth in Sub-section A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than eleven years after the date set forth in Sub-section A (even if the wrongful death results thereafter).

D. Actions for the causes enumerated in Sub-section B of this Section, against the persons enumerated in Sub-section A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.

E. The peremptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, quasi delict, or obligation of any such person arising out of his possession or control of the property.

F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.

G. Causes of action arising from the performing or furnishing of land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), if not performed preparatory to construction, which exist prior to the effective date of the 1981 Regular Session Amendment to this Section, shall be perempted one year from said date or by the applicable peremptive period established by this Section, whichever is

later.

H. (1) The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.

(2) In any such action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues.

**(3) Fraud, as used in this Section, shall have the same meaning as provided in Civil Code Article 1953.**

**I. Nothing in this Section shall be construed as limiting or modifying the non-liability of contractors for destruction or deterioration of, or defects in, any work, as provided in R.S. 9:2771.**

The defendants argue that the changes made by the legislature were intended to correct the supreme court's erroneous interpretation. Since the amendments were interpretive, the defendants argue that they should be retroactive. The plaintiffs argue that the amendments changed the law and should only be applied prospectively.

This court discussed the proper method for determining whether a statute is given retroactive or prospective effect in *Crooks v. Metropolitan Life Insurance Co.*, 00-947, pp. 5-7 (La.App. 3 Cir. 1/17/01), 779 So.2d 966, 970-71, *judgment vacated on other grounds*, 01-466 (La. 5/25/01), 785 So.2d 810 (second alteration in original.):

La.Civ.Code art. 6 requires that we conduct a two-fold inquiry. First, we must determine whether the amendment to the article expresses legislative intent regarding retrospective or prospective application. *Keith v. U.S. Fidelity & Guar. Co.*, 96-2075 (La.5/9/97); 694 So.2d 180. If no such intent is expressed, the enactment must be classified as either substantive, procedural or interpretive. *Id.* Thus, even where the legislature has expressed its intent to give a law retroactive effect, the law may not be applied retroactively if doing so would impair contractual obligations or disturb vested rights. If it does so, then in spite of legislative pronouncements to the contrary, the law is substantive, rather than procedural or interpretive.

9

The Louisiana Supreme Court has defined substantive law as a law which creates, confers, defines, destroys, or otherwise regulates rights, liabilities, causes of action, or legal duties. *Sudwischer v. Estate of Paul C. Hoffpauir*, 97-0785 (La.12/12/97); 705 So.2d 724, *cert. denied*, 524 U.S. 940, 118 S.Ct. 2347, 141 L.Ed.2d 717 (1998). Louisiana courts have distinguished between substantive, procedural, and interpretive laws as follows:

> Substantive laws establish new rules, rights, and duties or change existing ones. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Interpretive laws merely establish the meaning the interpreted statute had from the time of its enactment.

*Willis v. Gray Sales & Service, Inc.*, 96-748, p. 4 (La.App. 3 Cir. 1/22/97); 689 So.2d 522 [*writ denied,*] 97-0525 (La.4/18/97); 692 So.2d 450 (quoting *Segura v. Frank*, 93-1271, 93-1401 (La.1/14/94); 630 So.2d 714, *cert. denied*, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994)). When an existing law is not clear, a subsequent statute clarifying or explaining the law may be regarded as interpretive, and the interpretive statute may be given retrospective effect because it does not change, but merely clarifies, pre-existing law. *Gulf Oil Corp. v. State Mineral Bd.*, 317 So.2d 576 (La.1974). True interpretive law changes existing standards by redefining and returning laws to their original meaning, thus providing the legislature with the opportunity to pronounce the correct interpretation to be given to existing laws. *Adams v. City of Baton Rouge*, 95-2515 (La.App. 1 Cir. 4/30/96); 673 So.2d 624, *writ denied*, 96-1491 (La.9/20/96); 679 So.2d 439. Planiol explains the exception for interpretive laws as follows: "[i]nterpretive laws do not establish new rules. What they do is to determine the meaning of existing laws. It follows that they may apply to facts previous to their promulgation. Their retroactivity is but apparent, because it is not the interpretive law, but the original law, which applies." 1 M. Planiol, Civil Law Treatise Nos. 249-252 (La.St.L.Inst.Transl.1959) (quoted in *St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809 (La.1992)).

We find that the amendments to La.R.S. 9:2772 passed by the legislature in the 1990 Act are substantive. The purpose of the 1990 Act was to destroy a right that the supreme court found existed in *Bunge Corp.*, 557 So.2d 1376. We find, therefore, that the 1990 amendments are to be given prospective effect only. Thus, the plaintiffs

10

may proceed against the defendants insofar as they allege a failure to warn of the dangers of asbestos.

Furthermore, even if we were to find that the amendments were interpretive, we could not give them retroactive effect. In *Unwired Telecom Corp. v. Parish of Calcasieu*, 03-732 (La. 1/19/05), 903 So.2d 392, the supreme court explained that even when a legislature clearly expresses its intention that a law is interpretive and is to be given retroactive effect, the law will be given prospective effect only if the change impermissibly impedes on the judiciary's constitutional function of interpreting laws. In *Unwired Telecom*, the legislature amended a statute for the purpose of explaining the original intent of a statute in an effort to change an appellate court decision. The legislature clearly stated in the act that the amendments were to be give retroactive effect. The supreme court found that the amendments could be given prospective effect only because the legislature had infringed on the function of the judiciary of statutory construction and interpretation. This reasoning is applicable in the case before us, even without a specific declaration in the 1990 Act that the amendments are to be applied retroactively.

Finally, Chicago Bridge's motion for summary judgment included an argument that any claims against it were barred by La.R.S. 9:2771, which states (an amendment added in 2001 has been deleted):

> No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration, or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration, or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The

11

provisions of this Section shall not be subject to waiver by the contractor.

Chicago Bridge argues that all of the structures it constructed were built according to specifications provided to it by International Paper or Rust Engineering. The plaintiffs allege that Chicago Bridge prepared blueprints for the structures and held them out as their own design. The evidence presented below is not conclusive and creates a genuine issue of material fact. Thus, summary judgment is improper.

## CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings. Costs of this appeal are assessed to the defendants, Andritz, Zurn, and Chicago Bridge.

**REVERSED AND REMANDED.**