600 So.2d 889 (1992)
CONOCO, INC.
v.
Leon R. TARVER II, Secretary of the Department of Revenue and Taxation, State of Louisiana.
No. 91 CA 0638.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Lisa L. Bagley, Houston, Tex., for plaintiff-appellant Conoco, Inc.
Cheryl Duvieilh, Baton Rouge, for defendants-appellees Leon R. Tarver, II, et al.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
This appeal stems from a denial by the Louisiana Department of Revenue and Taxation (Department) of a tax refund request. Conoco Incorporated (Conoco) is the purchaser of oil and gas production from the Mamou Field in Evangeline Parish, Louisiana. Source Petroleum, Inc. (Source) is the operator of four wells in the Mamou Field.
According to the applicable Louisiana law in effect for the time period in question, the purchaser was required to withhold severance taxes and remit such taxes to the state. Under LSA-R.S. 47:633(7)(a), the severance tax rate for oil is 12.5%. However, if the producer meets certain requirements, the well can qualify as "incapable" and be taxed at a lower rate. LSA-R.S. 47:633(7)(b). Conoco remitted to the state pursuant to production reports supplied by Source. In addition to supplying information to Conoco, Source was required to file forms (O-3's) with the state to qualify for and preserve incapable status of the wells.
The Department conducted an audit in 1988 for a period covering January, 1985, through July, 1988. The auditor could not locate in the records of the Department the O-3 forms from Source for an 18-month period. The Department then took the position that Source had failed to file the forms which would have entitled the taxpayer to the reduced tax rate for the incapable wells. The Department assessed an additional tax and interest amounting to $70,437.69, which Conoco paid under protest prior to appealing to the Board of Tax Appeals for the State of Louisiana (Board).
At the hearing before the Board, Ms. Lori Matthieu testified on behalf of Conoco. Ms. Matthieu was employed by Source during the pertinent time period. When Ms. Matthieu was notified by Conoco that there was a question concerning the O-3 forms, she provided for inspection, within a matter *890 of hours, her file copies of the 18 "missing" O-3's. These copies were later entered into evidence before the Board.
Ms. Matthieu testified that part of her regular work procedure was to prepare the O-3 forms. She would sign them, mail the originals to the state via regular mail, and keep copies in her file. Although Ms. Matthieu testified that another person in her office would sometimes handle the mail, she personally mailed some of the reports at the post office, which was just across the street from her office. The mailing of the O-3's to the state was handled during the regular course of Source's office routine.
At the hearing before the Board the only witness for the Department was Ms. Kathleen Butler, the auditor for the Department. She indicated that the Department did have Source's tax returns for the period in question, but that she could not locate the O-3 forms. Although Ms. Butler related the details of her search for the missing forms and in general terms described the Department's intake procedures, there was no testimony by other employees or other proof of the Department's procedures for processing the forms. Without any contradictory evidence to refute the positive testimony that Ms. Matthieu mailed the O-3 forms to the Department in a timely fashion, there is no defense to the prima facie case presented by Conoco.
Accordingly, the Board's conclusion in favor of the taxpayer was correct. The Board explained that "based on the evidence presented by both parties, we are of the opinion that there is a great likelihood that the O-3s were filed, and based on the dates of the signature of the preparer, that they were timely filed. And so, we will grant the refund as requested...."
Following the ruling of the Board, the Department appealed to the district court. In oral reasons for judgment the trial judge stated that there was "no substantial evidence" to support the Board's decision. Thereafter, Conoco perfected this appeal.
Finding no manifest error in the Board's findings that the forms were mailed timely, we reverse the judgment of the district court. By virtue of the positive testimony that the forms were mailed by Source, Conoco is entitled to the presumption that the forms were received by the Department. See Ardoin v. Audubon Ins. Co., 434 So.2d 627 (La.App. 3d Cir.1983), (proof of deposit in the mails creates a prima facie presumption of delivery which may be rebutted by positive evidence of lack of delivery or receipt). Upon receipt by the Board of evidence of the copies of the forms for the 18 months involved, combined with the preparer's testimony that she followed her usual business custom on "severance tax days," a presumption arose that the Department received the mailed forms. Once such proof was entered, the burden of going forward with the evidence was on the Department, which then failed to prove that it did not receive the forms.
The trial court erred in concluding that the Board had no evidence to support its findings. We reverse the judgment of the trial court and reinstate the decision of the Board granting the refund with interest.
The Department shall pay the costs of this appeal in the amount of $284.42.
REVERSED.