762 So.2d 150 (2000)
L.D. BRINKMAN & CO. (TEXAS), INC.
v.
John N. KENNEDY, Secretary of the Department of Revenue and Taxation, State of Louisiana.
No. 99 CA 0862.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
*151 Nicole Crighton, New Orleans, for Plaintiff Appellant L.D. Brinkman & Co. (Texas), Inc.
Barbara M. Ballard, Baton Rouge, for Defendant Appellee John N. Kennedy, Secretary.
BEFORE: FOIL, WHIPPLE and GUIDRY, JJ.
FOIL, Judge.
This appeal challenges the action of the trial court in dismissing a suit challenging a tax assessment on a motion for summary judgment. We reverse.

BACKGROUND
On October 3, 1996, the Louisiana Department of Revenue and Taxation assessed a Texas corporation, L.D. Brinkman & Co. (Texas), Inc. (Brinkman), with Louisiana Corporation Franchise Taxes in the amount of $10,705.10. In a letter to the Department dated November 27, 1996, Brinkman advised the Department it was paying the tax under protest and intended to file suit within 30 days of the letter. The letter refers to an enclosed check made out by Brinkman to the Department for the assessed taxes.
On December 30, 1996, Brinkman filed this suit against the Department seeking to recover the amount paid under protest. In Paragraph 4 of the petition, Brinkman averred that it timely paid the amount of $10,705.10 under protest to the Department. The Department answered, admitting to the allegations contained in Paragraph 4 of the petition.
Thereafter, the Department amended its answer to deny the allegations set forth in Paragraph 4 of Brinkman's petition. The Department also filed a motion for summary judgment contending that Brinkman did not have a right to maintain the action because it did not pay the assessed taxes. The Department urged that: (1) it did not receive payment from Brinkman; (2) neither Brinkman nor its attorneys could offer proof of mailing under protest to the Department; and (3) Brinkman could not offer a cancelled check or any other evidence *152 as proof that it did, in fact, make payment under protest in a timely manner.
In support of the motion for summary judgment, the Department introduced a post office log showing that certified mailings were sent to Brinkman on October 3, 1996 and December 13, 1996, along with a letter dated December 13, 1996. The December 13 letter advised Brinkman that the assessment was final because Brinkman failed to file an appeal with the Louisiana Board of Tax Appeals. It further apprised Brinkman that it must pay the amount assessed within ten days of the letter or the Department would proceed with collection efforts.
The Department also attached two affidavits to its motion for summary judgment. In the first, David Black, a Revenue Audit Manager employed by the Department, attested that he sent Brinkman the assessment notices and did not receive any response or payment from Brinkman. In the second, Deborah Culpepper, a Revenue Analyst employed by the Department, stated that she is responsible for maintaining a log of all payments submitted by mail to the Department's Audit Review Division. She declared that she made a thorough search of the records of incoming payments to the Department for two months following November 27, 1996, and no payment was received by the Department from Brinkman during that time period.
In opposition to the motion for summary judgment, Brinkman submitted the affidavit of Bevins Raulston, Brinkman's Tax Manager. He attested that on November 27, 1996, he prepared a letter to the Department for the purpose of protesting the assessment and paying the amount of the assessment under protest. He stated that the letter and check were mailed in an envelope having the correct postage and address to the Department on November 27, 1996. He also declared that the letter was never returned to Brinkman for want of postage or an incorrect address. Brinkman attached a copy of check number 039071, written by Brinkman to the Department in the amount of $10,705.10.
The trial judge granted the motion for summary judgment, finding in written reasons for judgment that Brinkman failed to preserve its right to challenge the assessment because it failed to prove it did in fact pay the taxes under protest. The judge observed that Brinkman did not prove the Department received the letter containing the check it claimed to have sent the Department, and did not offer a cancelled check to prove the Department negotiated and received the check.
This appeal, taken by Brinkman, followed.

SUMMARY JUDGMENT
This court reviews summary judgments de novo under the same criteria that governs the trial judge's consideration of whether a summary judgment is appropriate. Robertson v. Northshore Regional Medical Center, 97-2068, p. 5 (La.App. 1 Cir. 9/25/98), 723 So.2d 460, 463. A motion for summary judgment may be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966 B.
A taxpayer aggrieved by an assessment made by the Department has two remedies available to challenge the assessment. The taxpayer may appeal the assessment to the Board of Tax Appeals in accordance with La. R.S. 47:1565. Alternatively, a taxpayer may pay the disputed tax under protest and file a lawsuit to recover the tax. La. R.S. 47:1565; La. R.S. 47:1576. If the taxpayer fails to appeal the assessment to the Board of Tax Appeals or make payment under protest, the taxpayer has no right of action to challenge the assessment and the trial court lacks subject matter jurisdiction to *153 review the Department's assessment. Price v. Secretary, Department of Revenue and Taxation, 95-877, p. 6 (La.App. 3 Cir. 12/6/95), 664 So.2d 802, 805, writ denied, 96-0074 (La.3/8/96), 669 So.2d 405.
La. R.S. 47:1576 sets forth two requirements which must be met in order for a taxpayer to have a right of access to a trial court to challenge a tax assessment. It states that a taxpayer protesting the payment of any amount found due by the Department "shall remit to the Department of Revenue the amount due and at that time shall give notice of intention to file suit for the recovery of such tax." La. R.S. 47:1576 A(1)(a). Thus, remittance of the amount due and notice to the Department of the intention to file suit are required in order to maintain an action against the Department to challenge a tax assessment.
Brinkman contends that the trial court erred in interpreting La. R.S. 47:1576 A(1)(a) to require it to prove it actually paid the assessed tax in order to challenge the validity of the assessment in court. The statute, it insists, only requires the taxpayer to "remit" the amount due to the Department and give notice of its intention to file suit for recovery of the tax. It points out that the term remit is defined as "to send or transmit; as to remit money." Black's Law Dictionary 1163 (5th ed.1979). Brinkman contends it offered evidence to establish that it did timely remit the assessed tax to the Department, which created a presumption of receipt by the Department. See Conoco, Inc. v. Tarver, 600 So.2d 889, 890 (La.App. 1st Cir.), writ denied, 604 So.2d 1305 (La. 1992). At the very least, it suggests, there is a factual issue presented which requires a credibility assessment, rendering summary judgment inappropriate.
The Department contends La. R.S. 47:1576 A(1)(a) requires a taxpayer to prove that there was an actual payment of the assessed taxes in order to proceed in court to challenge the assessment. Although acknowledging that the statute uses the word "remit," the Department insists that the legislature did not intend a tax to be deemed paid by simply allowing a taxpayer to attest that he mailed a tax payment. The Department fears that adopting Brinkman's interpretation of La. R.S. 47:1576 will set the stage for every taxpayer in Louisiana to go to court and obtain a refund for money never actually paid to the state.
We disagree with the Department's position. The only issue on the motion for summary judgment is whether Brinkman preserved its right to proceed in court to challenge the validity of the tax assessment, not whether Brinkman is entitled to reimbursement for taxes actually paid. La. R.S. 47:1576 requires a taxpayer to remit the assessed tax to the Department in order to challenge a tax assessment in the trial court. To adopt the Department's interpretation of the statute would result in the loss of a taxpayer's right to challenge an assessment if the Department mishandled a tax remittance. Instead, we find that a taxpayer must prove that he timely sent the Department payment of an assessed tax in order to proceed in court to challenge the validity of an assessment. Of course, in order to succeed on the merits of a reimbursement claim against the Department, the taxpayer must establish that the taxes were actually paid.
Brinkman offered evidence indicating it remitted the assessed tax to the Department. The Department offered evidence indicating it did not receive any payment from Brinkman. There is clearly a factual dispute on the issue of whether Brinkman did remit the taxes to the Department. The trial court was therefore precluded from granting the motion for summary judgment.

CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. This case is remanded to the trial court to conduct proceedings not inconsistent with this *154 opinion. All costs of this appeal, in the amount of $430.30, are assessed against the Department of Revenue and Taxation.
REVERSED AND REMANDED.