McDonald, j.
| ^Taxpayer appeals dismissal of his Petition for Refund of Severance Taxes Paid Under Protest. For the following reasons, we affirm.
FACTS
Plaintiff-Appellant, Devon Energy Production Company, LP (Devon), is an oil and gas exploration and production company. This suit was instituted by Devon seeking to recover one million, two hundred fifty thousand, one hundred thirty four dollars and thirty-three cents ($1,250,-134.33) in severance taxes and associated penalties and interest paid by it to the Louisiana Department of Revenue (the Department) arising out of an audit of oil and gas severance tax reports filed by Devon’s predecessor, Ocean Energy, Inc. (Ocean) for January 31, 2003 through August 31, 2003. Devon is the successor by merger to Ocean, the taxpayer that filed the severance tax reports at issue.
Appellee, the Department, conducted an audit of Ocean’s severance tax activities at various production sites during the stated period. The Department maintains that a severance tax deficiency for a number of production sites was revealed. Accordingly, in 2005 and 2006, the Department issued separate Notices of Proposed Assessment in accordance with La. R.S. 47:1562(B). The notices concerned the assessment of severance taxes, interest, and penalties. The taxpayer had thirty (30) days to protest the Department’s assessments in writing in accordance with La. R.S. 47:1563. No protest was filed.
After the expiration of the thirty (30) day protest period, the Department issued Notices of Assessment and Notice of Right to Appeal to the Louisiana Board of Tax Appeals, the Final Assessments. The taxpayer then had sixty (60) additional days to pay the taxes under protest or appeal to the Board of Tax Appeals (the Board). No action was taken. The final assessment notices contained a warning that the assessments would become final sixty (60) calendar days from |3the date of the notice. The notices also advised the taxpayer that *305 to avoid the distraint procedure,[1] it would be necessary to either (1) pay the assessment in full to the Department, (2) pay the assessment under protest, or (3) file a formal petition with the Board. Still no action was taken by the taxpayer. The Department took no action to collect this tax.
According to Devon, in 2009 it became aware that the Department was claiming additional amounts of severance taxes owed by Devon for the account of Ocean. Devon requested information from the Department regarding the amounts owed, which the Department provided. Devon chose not to submit payment because it believed that the amounts were owed by third parties. On November 17, 2009, Devon paid the balance due under protest, notifying the Department that the payment was under protest and that Devon intended to file suit for recovery of the amount paid. The suit for refund was filed on December 7, 2009.
Subsequently, the Department filed Exceptions Raising the Objections of No Cause of Action, No Right of Action, and Lack of Subject Matter Jurisdiction. The district court sustained the Department’s Exception Raising the Objection of No Cause of Action. Having sustained that exception, the district court found that the remaining exceptions were moot. Judgment to that effect was signed on February 28, 2012. This suspensive appeal followed.
Devon alleges that the district court erred in finding that Devon was precluded from proceeding under the payment under protest procedure of La. R.S. 47:1576 once the assessment becomes final.
DISCUSSION
Devon asserts that La. R.S. 47:1576A and La. R.S. 47:1561 are in conflict, and because La. R.S. 47:1576 was amended in 1991, it is the latest expression of legislative will and has the effect of tacitly repealing prior enactments in conflict |4with its provisions. They also maintain that the district court’s ruling is based upon the provisions of La. R.S. 47:1561.
The district court’s Ruling stated that:
This matter came before the court on the defendant’s exceptions of no cause of action and no right of action and the defendant’s exception of lack of subject matter jurisdiction. A hearing on these exceptions was conducted on the 9th day of January 2012.
The court, after review of the exceptions, memoranda, law and oral arguments by counsel sustains the defendant’s exception of no cause of action. Defendant’s two other exceptions are moot.
Specifically, the court finds that LSA 47:1431 and 1565 provides that a taxpayer may appeal to the Board of Tax Appeals for a redetermination of an assessment by filing a petition -with the Board within 60 calendar days from the date of the notice of the assessment. There was no such appeal and therefore the assessment is final. The taxpayer may not proceed under the payment under protest procedure when the assessment has become final as it has in this matter.
Judgment to be signed accordingly.
Contrary to Devon’s assertions, the court’s ruling reveals that the court relied on La. R.S. 47:1431 and La. R.S. 47:1565.
However, regardless of the exact provisions of the tax code on which the court relied, we do not find any error in its judgment. It is axiomatic that “[w]hen a law is clear and unambiguous and its appli *306 cation does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9. Of equal importance in the case before us is La. Civ.Code art. 13 which provides, “[l]aws on the same subject matter must be interpreted in reference to each other.” Rather than finding a conflict between La. R.S. 47:1576 and La. R.S. 47:1561, we find that they refer to the procedures to be followed in two separate instances.
Louisiana Revised Statutes 47:1561 is found in Part III of the tax code entitled Assessment and Collection Procedures. Specifically, La. R.S. 47:1561 is entitled “Alternative remedies for the collection of taxes”, and provides:
In addition to following any of the special remedies provided in the various chapters of this subtitle, the collector may, in his discretion, proceed to enforce the collection of any taxes due under |fithis subtitle by means of any of the following alternative remedies or procedures:
(1) Assessment and distraint, as provided in R.S. 47:1562 through 47:1573.
(2) Summary court proceeding, as provided in R.S. 47:1574.
(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.
The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector, provided that in every case the taxpayer shall be entitled to proceed under R.S. 47:1576 except (a) after he has filed a petition with the board of tax appeals for a redetermination of the assessment, or (b) when an assessment for the tax in question has become final or (c) when a suit involving the same tax obligation is pending against him; and provided further, that the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation. [Emphasis provided.]
Louisiana Revised Statutes 47:1576, also in Part III, is entitled “Remittance of tax under protest; suit to recover” and provides:
A. (l)(a) Except as otherwise provided in Subsection B of this Section, any taxpayer protesting the payment of any amount found due by the secretary of the Department of Revenue, or the enforcement of any provision of the tax laws in relation thereto, shall remit to the Department of Revenue the amount due and at that time shall give notice of intention to file suit for the recovery of such tax.
(b) In the case of sales or use taxes that are required to be collected and remitted by a selling dealer as provided for in R.S. 47:304, the purchaser, in order to avail himself of the alternative remedy provided by this Section, shall remit protested sales or use tax to the selling dealer, and shall retain copies of documentation evidencing the amount of the sales or use tax paid to the dealer on the transactions. On or before the twentieth day of the month following the month of the transactions on which the selling dealer charged the tax, the purchaser shall inform the department by certified mail or other reasonable means of the dates and amounts of the protested taxes that were charged by the selling dealer, and shall give notice of the *307 purchaser’s intention to file suit for recovery of the tax.
(2) Upon receipt of this notice, the amount remitted to the Department of Revenue or the amount of protested taxes that have been paid to the selling dealer shall be placed in an escrow account and held by the secretary or his duly authorized representative for a period of thirty |fidays. If suit is filed for recovery of the tax within the thirty-day period, the funds in the escrow account shall be further held pending the outcome of the suit.
(3) If the taxpayer prevails, the secretary shall refund the amount to the claimant, with interest at the rate established pursuant to R.S. 13:4202(B) from the date the funds were received by the Department of Revenue or the due date, determined without regard to extensions, of the tax return, whichever is later, to the date of such refund. Payments of interest authorized by this Section shall be made from funds derived from current collections of the tax to be refunded.
(4) There shall be no penalty for underpayments of estimated tax with regard to amounts paid under protest and such amounts paid under protest are not required to be paid until the due date of the return determined without regard to extensions.
B.For income and corporation franchise tax purposes, in instances where the payment of tax under protest is required to be made before the amount of tax due is determinable, the taxpayer shall have thirty days from the due date of the tax return, or the extended due date of such return if applicable, to file suit for the recovery of such tax. If suit is filed within the thirty-day period and the taxpayer prevails, the secretary shall refund the amount to the claimant, with interest at the rate established pursuant to R.S. 13:4202 computed pursuant to R.S. 47:287.657 or R.S. 47:617 in the case of corporation taxes or R.S. 47:115 in the case of individual income tax.
C. This Section shall afford a legal remedy and right of action in any state court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Subtitle as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the secretary shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.
D. This Section shall be construed to provide a legal remedy in the state courts in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of Louisiana.
E. Upon request of a taxpayer and upon proper showing by such taxpayer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the taxpayer, upon agreement to abide by the decision of the courts, may remit the additional assessment under protest, but need not file an additional suit. In such cases, the tax so paid under protest shall be placed in an escrow account and held by the secretary until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.
17The provisions of La. R.S. 47:1561 are regarding procedures to be followed by the tax collector to collect taxes. Louisiana Revised Statutes 47:1576 provides instruction to the taxpayer if he chooses to *308 pay under protest. However, clearly, a taxpayer has to have the right to utilize the procedure in order to pay under protest. This right is provided to taxpayers in accordance with, among other provisions of the tax code, La. R.S. 47:1561. And as noted, after an assessment becomes final, as it has in this case, the taxpayer may no longer utilize the payment under protest statutes.
In the matter before us, the tax assessment had become final. Ocean (Devon) did not take action to dispute the tax assessment within the 60 days provided by law in which it could have filed an appeal with the Board for a redetermination of the proposed assessment as provided in La. R.S. 47:1565, as follows:
§ 1565 Notice of assessment and right to appeal
A.Having assessed the amount determined to be due, the secretary shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or to any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from United States Postal Service certified software. If no report has been timely filed, the secretary shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from United States Postal service certified software. This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to either pay the amount of the assessment or to appeal to the Board of Tax Appeals for a redetermination of the assessment. All such appeals shall be made in accordance with the provisions of Chapter 17, Subtitle II of this Title.
B. If the taxpayer has not filed an appeal with the Board of Tax Appeals within the sixty day period, the assessment shall be final and shall be collectible by distraint and sale as hereinafter provided. If an appeal for a redetermination of the assessment has been filed, the assessment shall not be collectible by distraint and sale |suntil such time as the assessment has been redetermined or affirmed by the Board of Tax Appeals or the court which last reviews the matter.
C. (1) No assessment made by the secretary shall be final if it is determined that the assessment was based on an error of fact or of law. An “error of fact” for this purpose means facts material to the assessment assumed by the secretary at the time of the assessment to be true but which subsequently are determined by the secretary to be false. “Error of law” for this purpose means that in making the assessment the secretary applied the law contrary to the construction followed by the secretary in making other assessments.
(2) The determination of an error of fact or of law under this Subsection shall be solely that of the secretary, and no action against the secretary with respect to the determination shall be brought in any court, nor shall any appeal relating thereto be brought before the board of tax appeals, and no court shall have jurisdiction of any such action nor the board of tax appeals of any such appeal, it being the intent of this Subsection only to permit the secretary to correct *309 manifest errors of fact or in the application of the law made by the secretary in making the assessment; however, all reductions of assessments based on such errors, except estimated assessments made due to the failure of the taxpayer to file a proper tax return, must be approved and signed by the secretary, and the assistant secretary or the deputy assistant secretary of the office of legal affairs of the Department of Revenue, and shall then be approved by the board of tax appeals and signed by the chairman thereof. Estimated assessments made due to the failure of the taxpayer to file a proper tax return may be corrected by the acceptance of the proper tax return and must be approved by the secretary or his designee.
(3) The remedies of a taxpayer aggrieved by any action of the secretary are by appeal to the board of tax appeals or by payment of the disputed tax under protest and suit to recover as provided in this Subtitle. [Emphasis added.]
Reading the applicable provisions of the tax code in reference to each other, as the law requires, we find that Devon’s predecessor received the notice required by law of the assessment and the rights it had to dispute the assessment. No action offered in the tax code to appeal the assessment (payment under protest or appeal to the Board) was taken; and the tax assessments were final, eliminating the right to pay under protest. We note that the original assessments were sent to Devon’s predecessor Ocean, and that after the acquisition of Ocean by merger, Devon’s agent was working with the Department to resolve conflicts. However, we do not 19find any provisions in the tax code that relieve a taxpayer from the obligation to pay final assessments. Devon’s belief that the taxes were owed by third parties does not need to be examined by this court. The action taken by Devon’s agent establishes that Devon recognized the position it held regarding Ocean’s obligations. This court is reviewing the district court’s finding that Devon had no cause of action after the 60 day period after which the proposed assessment became final. We agree.
The Department filed an answer to the appeal in which it asserts, “[t]he District Court’s failure to additionally sustain the Department’s Exceptions of No Right of Action and Lack of Subject Matter Jurisdiction was in error, and the judgment should be revised to additionally sustain the Department’s Exceptions of No Right of Action and Lack of Subject Matter Jurisdiction.” The district court did not review the Department’s Exceptions of No Right of Action and Lack of Subject Matter Jurisdiction, finding them to be moot once it had found that there was no cause of action available to plaintiff. We do not find this to be an error by the court. We decline to act on these other exceptions filed by the Department.
CONCLUSION
Having thoroughly reviewed the law, record, and evidence before us, we find no error in the district court’s judgment. Accordingly, it is affirmed. Costs are assessed against Devon Energy Production Company, L.P.
AFFIRMED.

. Seizure Black's Law Dictionary, Sixth Edition.