CRAIN, J.
|2Shields & Shields, APLC (Shields), appeals a judgment sustaining a peremptory exception of prescription and dismissing its suit for damages against the State of Loui *879 siana/Louisiana Department of Revenue (the Department). We affirm.
FACTS AND PROCEDURAL HISTORY
On or about March 23, 2009, the Department seized more than $50,000.00 from Shields’ bank account pursuant to a warrant for distraint to satisfy tax assessments that had become final and collectible. On January 14, 2011, Shields instituted this suit against the Department, alleging that its president/counsel met with Department employees and presented proof of the Department’s error in making the tax assessments and seizing the funds.[2] Shields averred that on three separate occasions, Department employees agreed that an error had occurred, but the Department has refused to honor its employees’ promises to return the seized funds. Shields asserted causes of action for breach of agreement and damages, fraud, loss of use of funds, unjust enrichment, and conversion, and asserted application of contra non valentem. Shields later filed an amended petition adding as defendants Betty Avery, identified as an employee of the Department who agreed that the funds would be returned to Shields, and Jocelyn F. Southern, identified as an employee of the Department who rendered an administrative decision contrary to Shields.
|sThe defendants urged multiple exceptions, including lack of subject matter ju-risdietion, no cause of action, no right of action, and prescription. The trial court denied Shields’ motion to continue the hearing on the exceptions, took the matter under advisement, and, on January 7, 2014, signed a judgment sustaining the exception of prescription and dismissing Shields’ suit. The trial court issued written reasons stating that Louisiana Revised Statute 47:1565(B) provides a sixty-day time period for a taxpayer to appeal to. the Board of Tax Appeals or to pay under protest, and this suit, filed more than 500 days after the last tax assessment was issued, was untimely. Shields now appeals.
DISCUSSION
Shields contends that the trial court misapplied Section 47:1565 and erred in dismissing its causes of action for damages based on breach of agreement, fraud, loss of use of funds, unjust enrichment, and conversion. As alleged by Shields, these claims arise from the Department’s refusal to honor its employees’ agreements that the tax assessments were made in error and that the funds seized to. satisfy the assessments would be refunded.
All of the causes of action alleged by Shields to have been erroneously dismissed by the trial court are premised upon events that occurred after the tax assessments became final and collectible *880 pursuant to Section 47:1565, which provides:
A. Having assessed the amount determined to be due, the secretary shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or to any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from United States Postal Service certified software. If no report has been timely filed, the secretary shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from United States Postal service | certified software. This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to either pay the amount of the assessment or to appeal to the Board of Tax Appeals for a redetermination of the assessment. • All such appeals shall be made in accordance with the provisions of Chapter 17, Subtitle II of this Title.
B. If the taxpayer has not filed an appeal with the Board of Tax Appeals within the sixty day period, the assessment shall be final and shall be collectible by distraint and sale as hereinafter provided. If an appeal for a redetermination of the assessment has been filed, the assessment shall not be collectible by' distraint and sale until such time as the assessment has been redetermined or affirmed by the Board of Tax Appeals or the court which last reviews the matter. [Emphasis added, footnote omitted.]
In MCI Telecommunications Corp. v. Kennedy, 04-0458 (La.App. 1 Cir. 3/24/05), 899 So.2d 674, 680-81, this court recognized that:
' A taxpayer aggrieved by an assessment made by the Department has two remedies available to challenge the assessment: the taxpayer may appeal the assessment to the Board of Tax Appeals in accordance with LSA-R.S. 47:1565; or a taxpayer may pay the disputed tax under protest and file a lawsuit to recover the tax under LSA-R.S. 47:1576. If the taxpayer fails to appeal the assessment to the Board of Tax Appeals or make payment under protest, the taxpayer has no right of action to challenge the assessment and the trial court lacks subject matter jurisdiction to review the Department’s assessment. L.D. Brinkman & Co. (Texas) v. Kennedy, Inc., 99-0862, p. 4 (La.App. 1 Cir. 5/12/00), 762 So.2d 150, 152-53. See also Sperry Rand Corp. v. Collector of Revenue, 376 So.2d 505, 507 (La.App. 1 Cir.), writ denied, 376 So.2d 156 (La.1979).
Shields does not contend that it took any action prior to the expiration of the sixty-day time period under Section 47:1565, particularly, that it either appealed the assessments to the Board of Tax Appeals, or paid the disputed assessments under protest then filed suit to recover the payment.[3] Rather, Shields argues that of *881 ter receiving the March 23, 2009 notice of levy, which can only be issued after Ran assessment is final, its president/attorney met with Department employees and presented proof of the Department’s error in making the assessments, and that on three separate occasions Department employees agreed that an error had occurred, but that the Department has refused to honor its employees’ promises to return the seized funds. Shields argues that these actions interrupted prescription relative to the causes of action asserted in the petition. Even assuming that the sixty-day time period is prescriptive and subject to interruption, none of the acts alleged by Shields could have any affect on the sixty-day time period, because it had expired before the occurrence of the alleged acts.[4]
The causes of action asserted by Shields in its petition arise from its assertion that the tax assessments were not owed, and therefore the Department was in error in assessing, seizing, and retaining those amounts, and further that the Department agreed to return those funds, but then did not return them. We find that these allegations are governed by Louisiana Revised Statute 47:1565(0, involving alleged errors in tax assessments, which provides:
(1) No assessment made by the secretary shall be final if it is determined that the assessment was based on an error of fact or of law. An “error of fact” for this purpose means facts material to the assessment assumed by the secretary at the time of the assessment to be true but which subsequently are determined by the secretary to be false. “Error of law” for this purpose means that in making the assessment the secretary applied the law contrary to the construction followed by the secretary in making other assessments.
(2) The determination of an error of fact or of law under this Subsection shall be solely that of the secretary, and no action against Rthe secretary with respect to the determination shall be brought in any court, nor shall any appeal relating thereto be brought before the Board of Tax Appeals, and no court shall have jurisdiction of any such action nor the Board of Tax Appeals of any such appeal, it being the intent of this Subsection only to permit the secretary to correct manifest errors of fact or in the application of the law made by the secretary in making the assessment; however, all reductions of assessments based
*882 on such errors, except estimated assessments made due to the failure of the taxpayer to file a proper tax return, must be approved and signed by the secretary, and the assistant secretary or the deputy assistant secretary of the office of legal affairs of the Department of Revenue, and shall then be approved by the Board of Tax Appeals and signed by the chairman thereof. Estimated assessments made due to the failure of the taxpayer to file a proper tax return may be corrected by the acceptance of the proper tax return and must be approved by the secretary or his designee.
The power of taxation is vested in the legislature. La. Const, art. 7, § 1. “[Ljaws regulating the collection of taxes are sui generis and comprise a system to which general provisions of the law have little, if any, relevance.” Mallard Bay Drilling, Inc. v. Kennedy, 04-1089 (La.6/29/05), 914 So.2d 533, 549. Through enactment of Section 47:1565(0), the legislature has explicitly provided that after the expiration of the sixty-day time period under Section 47:1565(B), the taxpayer’s relief relative to assessment errors lies solely within the discretion of the Department secretary, and the courts have no jurisdiction to review the secretary’s decisions on matters “relating thereto.” See La. R.S. 47:1565(0(2). To avoid being subject to the sole discretion of the secretary relative to an assessment error, it is the taxpayer’s obligation to follow the statutory requirements for either appealing the assessment or paying the assessment under protest, then filing suit. In this case, Shields, the taxpayer, did neither.
Both the trial court and this court lack subject matter jurisdiction to entertain Shields’ causes of action arising after the assessments became final. Although the Department has not asserted this as error on appeal, lack of subject matter jurisdiction can be recognized by the court at any time. See La.Code Civ. Pro. art. 2; IberiaBank v. Live Oak Circle Development, L.L.C., 12-1636 (La.App. 1 Cir. 5/13/13), 118 So.3d 27, 30. Recognizing that both the trial court and this court lack subject matter jurisdiction over the causes of action asserted by Shields, we affirm the trial court’s judgment dismissing Shields’ suit.[5]
In its final assignment of error, Shields alleges that the trial court erred in denying its motion to continue the hearing on the exceptions. However, a trial court has wide discretion in the control of its docket, in case management, and in determining whether a motion for continuance should be granted. While the trial court’s discretion to grant or deny a continuance is not absolute and may not be exercised *883 arbitrarily, appellate courts only reluctantly interfere in such matters. St. Tammany Parish Hosp. v. Burris, 00-2639 (La.App. 1 Cir. 12/28/01), 804 So.2d 960, 963. Given our conclusions herein with respect to the courts’ lack of subject matter jurisdiction, we find no abuse of discretion in the trial court’s denial of the motion to continue. Consequently, the Department’s motion and order for leave to attach exhibits to a response brief addressing that issue is denied as moot.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The Department’s motion for leave to attach exhibits to a response brief is denied as moot. Costs of this appeal are assessed to Shields & Shields, APLC.
MOTION FOR LEAVE TO ATTACH EXHIBITS TO RESPONSE BRIEF DENIED; JUDGMENT AFFIRMED.
GUY HOLDRIDGE, J., concurs in the result.

. A prior suit was filed February 18, 2010, in the 24th Judicial District Court in Jefferson Parish, and was transferred to the 19th Judicial District Court after the Department excepted to venue. That suit was dismissed without prejudice on Shields’ motion, which indicated that Shields intended to pursue administrative remedies.
In the current suit, Shields’ petition was styled "Petition for Damages, Relief, and Appeal," and alleged that an administrative decision was rendered by a Department employee who lacked authority, and which was contrary to law. The petition requests, in part, that the administrative decision be reversed. We recognize at the outset that Shields did not invoke the district court’s appellate jurisdiction to review a final decision or order rendered in an adjudication proceeding. See La. R.S. 49:964. Accordingly, the district court was not conducting appellate review pursuant to the Administrative Procedure Act. See La. R.S. 49:950 et seq.

. In brief, Shields refers to making a payment under protest; however, Shields refers to a time period after the notices of assessment were issued, and long after the time period fer paying or appealing the assessments. The payment under protest procedure requires that the amount reflected on the assessment be timely paid with notice given of the taxpay *881 er’s intent to file suit for recovery of the protested assessment, and with suit being filed within thirty days of the payment of the protested assessment. La. R.S. 47:1576. After an assessment becomes final, the taxpayer may no longer utilize the payment under protest statutes. La. R.S. 47:1561(B)(2); see Devon Energy Prod. Co., L.P. v. Bridges, 12-0809 (La.App. 1 Cir. 6/3/13), 120 So.3d 303, 308.

. Shields argues that the doctrine of contra non valentem is applicable to this case and prevented the running of prescription. Contra non valentem "is based on the equitable notion that no one is required to exercise a right when it is impossible for him or her to do so.” Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992). Shields argues that it, "the tax creditor,” relied on the Department's, "the tax debtor’s,” representation that "if [it] paid the assessment and the State later found it erred, then the funds would be returned.” The petition establishes, however, that Shields did not voluntarily pay the funds. Rather, the petition establishes that the funds were seized pursuant to a warrant of dis-traint. Furthermore, as set forth in the petition, Shields’ petition establishes that the Department’s alleged agreements to return the seized funds took place after expiration of the sixty-day time period for challenging the tax assessments and could not affect the sixty-day time period.
Since there is no dispute that the time period expired, we need not decide whether the sixty-day time period is prescriptive or per-emptive in nature.

. The trial court actually dismissed Shields’ suit finding that the causes of action asserted in the petition were prescribed pursuant to Section 47:1565. Because we interpret Shields’ appeal as challenging the dismissal of the causes of action that arose after the assessments became final, rather than the assessments themselves, it is not necessary to address prescription. However, to the extent that Shields’ appeal can be interpreted as a challenge to the assessments themselves, we agree that those claims are untimely under Section 47:1565. Shields’ suit was Sled January 14, 2011, and alleged that the Department seized its funds on March 23, 2009, pursuant to a warrant of distraint. The distraint procedure is available only after the sixty-day time period under Section 47:1565 has expired and the assessment has become final. Therefore, since Shields has not alleged any procedural impropriety regarding any of the notices of assessment, the petition establishes on its face that the assessments became final before suit was filed. After the sixty-day time period expired without action by Shields, any challenge to the Department’s assessments was untimely and Shields lost the ability to seek judicial review of the Department’s assessments. See MCI Telecommunications Corp., 899 So.2d at 680-81.