NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1471

CHENIERE CONSTRUCTION, INC.

VERSUS

THE STATE OF LOUISIANA
THROUGH THE
DEPARTMENT OF REVENUE AND TAXATION

Decision Rendered: **SEP 1 8 2020**

* * * * * * *

APPEALED FROM
THE 19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER C-674,650, DIVISION 22

HONORABLE TIMOTHY E. KELLEY, JUDGE

* * * * * * *

Timothy K. Lamy
New Orleans, Louisiana

Attorney for Plaintiff/Appellant
Cheniere Construction, Inc.

Jeff Landry
Attorney General
and
Wm. David Coffey
Kathryn M. Calmes
Assistant Attorneys General
Baton Rouge, Louisiana

Attorneys for Defendants/Appellees
State of Louisiana through the
Department of Revenue and Taxation
and Kimberly L. Robinson

**BEFORE:  McDONALD, THERIOT, and CHUTZ, JJ.**

Chutz, J. concurs. (by prum)

**McDONALD, J.**

A taxpayer appeals a judgment granting a peremptory exception of no cause of action and dismissing its petition for tort damages against the Louisiana Department of Revenue and Taxation and its Secretary, Kimberly L. Robinson. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 2014, the Department issued a Notice of Assessment to Cheniere Construction, Inc. for $320,664.43 in sales and use taxes, interest, and penalties due for the filing periods of March 31, 2009 through September 30, 2012. Cheniere appealed the assessment to the Louisiana Board of Tax Appeals. In June 2016, the Department and Cheniere reached a consent agreement, whereby Cheniere agreed to pay $139,349.84 in taxes for the subject period. According to Cheniere, the agreement was silent as to interest and penalties, but the parties agreed that the Department's collection department would address these issues. On June 16, 2016, the Board of Tax Appeals issued an order dismissing Cheniere's appeal with prejudice.

In October 2016, the Department issued a revised Notice of Assessment to Cheniere for $139,349.84 in taxes, plus $59,266.98 in interest and $25,659.10 in delinquent filing penalties. Cheniere disputed the inclusion of the interest and penalties, claiming that it had legitimately challenged the past due taxes, and that its delay in paying the past due taxes was due to the Department's unreasonably lengthy audit of Cheniere's tax returns. On November 3, 2016, Cheniere sent the Department a $139,349.84 check with a cover letter stating that the check represented a "full satisfaction and compromise" of all sales taxes and any related interest and penalties Cheniere owed. Cheniere's letter also provided that, if the Department did not wish to accept the tendered amount in full satisfaction of Cheniere's debt, the Department should return the check to Cheniere. The Department thereafter negotiated Cheniere's check.

About a year later, in October 2017, the Department seized $97,491.57, from Cheniere's bank account, the amount apparently representing the outstanding interest and penalties owed. Within a year of the Department's seizure, in October 2018, Cheniere filed the instant petition for damages against the Department; and, in December 2018,

2

Cheniere filed an amending petition adding Ms. Robinson as a defendant. Cheniere alleged that its $139,349.84 payment was a full accord and satisfaction, i.e., a compromise under our civilian law, of Cheniere's debt to the State of Louisiana, and the Department's seizure of Cheniere's bank account funds was a wrongful seizure entitling Cheniere to tort damages.

The Department and Ms. Robinson (collectively, Department) responded by filing exceptions of res judicata and no cause of action seeking dismissal of Cheniere's suit. After a hearing, the district court signed a judgment on July 24, 2019, denying the exception of res judicata, granting the exception of no cause of action, and dismissing Cheniere's suit against the Department with prejudice. The district court reasoned that Cheniere had not stated a cause of action, because it failed to allege proper compliance with Louisiana tax law.

Cheniere appeals the adverse judgment, essentially contending the district court erred in characterizing its suit as a tax protest suit under Louisiana tax law, rather than a wrongful seizure suit under Louisiana tort law. Cheniere argues that it has alleged sufficient facts to allege a wrongful seizure cause of action against the Department.

## DISCUSSION

The peremptory exception of no cause of action questions whether the law affords the plaintiff any remedy under the allegations of the petition.[1] The exception is triable solely on the face of the petition and any attached written exhibits. La. C.C.P. arts. 853 and 931; *Agrifund, LLC v. Radar Ridge Planting Co., Inc.,* 19-1528 (La. 11/25/19), 283 So.3d 492 *(per curiam); Baca v. Sabine River Authority,* 18-1046 (La. App. 1 Cir. 12/27/18), 271 So.3d 223, 227. The court must presume all well-pleaded facts are true, must make all reasonable inferences in favor of the non-moving party, and must resolve any doubts in favor of the petition's sufficiency. The exceptor bears the burden of

---

[1] Attempts to re-open issues related to final assessments have arisen in a variety of procedural postures, and they have been variously defeated via exceptions of no cause of action, no right of action, or lack of subject matter jurisdiction. *See, e.g., Devon Energy Production Co., L.P. v. Bridges,* 12-0809 (La. App. 1 Cir. 6/3/13), 120 So.3d 303; *Price v. Secretary, Dept. of Revenue and Taxation, State of La.,* 95-877 (La. App. 3 Cir. 12/6/95), 664 So.2d 802; *Shields & Shields, APLC v. State/La. Dept. of Revenue,* 14-0693 (La. App. 1 Cir. 3/14/15), 168 So.3d 877. As here, where the petition shows there was a final assessment that was neither appealed nor fully paid within the applicable period before it became final, and the taxpayer files suit seeking a remedy under civil code principles, rather than tax laws, then an exception of no cause of action is proper. *See Majestic Medical Solutions, LLC v. Secretary, Louisiana Department of Revenue,* No. 9449C (La. Bd. of Tax App. 10/10/17), 2017 WL 5985762 *4, n.6.

3

showing that the plaintiff has not stated a cause of action. The appellate court performs a *de novo* review of a district court's ruling on an exception of no cause of action. *Baca,* 271 So.3d at 227.

The power of taxation is vested in the legislature. La. Const. art. VII, §1. Laws regulating the collection of taxes are *sui generis* and comprise a system to which general provisions of the law have little, if any, relevance. *Accord St. Martin v. State,* 09-0935 (La. 12/1/09), 25 So.3d 736, 739 n.5 (noting that Louisiana courts have routinely rejected attempts to assert refund claims against a taxing authority under La. C.C. art. 2299, *et seq.,* addressing payment of a thing not due); *also see Mallard Bay Drilling, Inc. v. Kennedy,* 04-1089 (La. 6/29/05), 914 So.2d 533, 549. Further, when two statutes conflict, and the legislature has developed a specific statutory scheme to address a matter, the statute specifically directed to the matter at issue prevails over a more general statute. *See Roberson-King v. Louisiana Workforce Cmsn., Office of Workforce Dev.,* 904 F.3d 377, 380 (5th Cir. 2018) (finding a claim for racial discrimination in employment must be brought under the specific Louisiana Employment Discrimination Law rather than under general La. C.C. art. 2315); *Crooks v. Department of Natural Resources,* 19-0160 (La. 1/29/20), ___ So.3d ___, ___, 2020 WL 499233 (finding continuing tort doctrine did not apply in case governed by specific prescriptive period contained in Louisiana appropriation law); *also see Avenal v. State,* 03-3521 (La. 10/19/04), 886 So.2d 1085, 1095 & 1099 (noting that oyster leases are governed exclusively by a specific statutory scheme that differs from the Civil Code articles governing ordinary conventional leases).

Under the specific statutory scheme regulating the collection of taxes, and except as otherwise provided in La. R.S. 47:1576B, La. R.S. 47:1576A(1)(a) provides:

> [A]ny taxpayer protesting the payment of *any amount found due* by the secretary of the Department of Revenue, *or the enforcement of any provision of the tax laws in relation thereto,* shall remit to the Department of Revenue the amount due and at that time shall give notice of intention to either file suit or file a petition with the Board of Tax Appeals for purposes of recovery of such tax. [Emphasis added.]

Further, La. R.S. 47:1565C(3) similarly states that "[t]he remedies of a taxpayer aggrieved by *any action* of the secretary are by appeal to the Board of Tax Appeals or by payment of the disputed tax under protest and suit or petition to recover as provided in

4

[Title 47, Subtitle II. Provisions Relating to Taxes Collected and Administered by the Collector of Revenue.]" (Emphasis added). If the taxpayer fails to appeal the assessment to the Board of Tax Appeals or make payment under protest, the assessment shall be final and collectible by distraint. La. R.S. 47:1565B.[2]

In this case, Cheniere's petition shows that, after the Department issued the revised Notice of Assessment to Cheniere in October 2016 (which included interest and penalties), Cheniere neither timely appealed the revised assessment to the Board of Tax Appeals (as it had done after receiving the December 2014 Notice of Assessment), nor did it timely pay the disputed amount under protest. Rather, Cheniere objected to the inclusion of interest and penalties, paid only the *undisputed* amount of $139,349.84, and told the Department that its payment was as "full satisfaction and compromise" of *all* amounts it owed. However, a taxpayer cannot dictate the manner by which it protests the Department's assessments. Because La. R.S. 47:1565 and 1576 are part of a specific statutory scheme that expressly provides Cheniere's available remedies, Cheniere cannot circumvent that scheme by relying on general Civil Code principles regarding compromise in an attempt to characterize its cause of action as one for wrongful seizure. *See Crooks*, ___ So.3d at ___, 2020 WL 499233 *8; *Avenal*, 886 So.2d at 1095, n.12. Thus, once the specifically applicable time periods for appealing the Department's revised assessment or paying it under protest passed, the revised assessment against Cheniere became final and collectible by distraint. La. R.S. 47:1565B and 47:1569, *et seq.*

### CONCLUSION

Accordingly, based on our *de novo* review resolving all doubts in favor of Cheniere's petition, we conclude the trial court did not err in granting the Department's exception of no cause of action and dismissing the petition. Because La. R.S. 47:1565 and 1576 provide an aggrieved taxpayer's specific remedies for an alleged improper assessment by the Department, we conclude Cheniere has no wrongful seizure cause of action against the Department under general tort law. Finally, because Cheniere's petition shows that it

---

[2] Although La. R.S. 47:1565 was recently amended, the amendment is not applicable to any existing assessment issued by any collector or the secretary prior to July 1, 2018, nor is it applicable to any pending litigation in the courts or the Louisiana Board of Tax Appeals existing prior to the May 11, 2018 effective date of the revision. 2018 La. Sess. Law Serv. Act 143 (S.B. 420).

cannot remove the ground of the exception by amendment of its petition, we find no abuse of the trial court's discretion in failing to allow such an amendment. *See* La. C.C.P. art. 934; *Bliss v. Lafayette Parish School Board Sales Tax Division,* 19-186 (La. App. 3 Cir. 12/18/19), 284 So.3d 703, 710 *(on rehearing).*

For these reasons, we affirm the judgment dismissing Cheniere's petition for damages against the Louisiana Department of Revenue and Taxation and Kimberly L. Robinson with prejudice. We assess appeal costs against Cheniere Construction, Inc.

**AFFIRMED.**