JACHARLES R. JONES, Judge.
The district court rendered judgment in favor of Hana Corporation, t/a Hana Res *945 taurant (“Hana”) on a motion for summary judgment finding that Hana was not liable for the New Orleans Exhibition Hall Authority tax (the “tax”) assessed by the Secretary of the Department of Revenue, State of Louisiana (“the Department”). For the reasons assigned below, we affirm.
The tax was adopted and approved in September 1987 by the Louisiana Legislature as Act 390. The law authorized the New Orleans Exhibition Hall Authority (“NOEHA”) to impose a hotel occupancy tax and a food and beverage tax on hotels and restaurants within Orleans Parish. On February 24, 1988, NOEHA adopted a resolution outlining all rules, regulations and procedures governing the tax. As it applies to restaurants, the tax is imposed on the patrons who purchase food and beverage from any food service establishment in the city of New Orleans. The restaurant, as the “dealer,” collects the tax from its patrons and remits it to the proper taxing authority. Pursuant to Section 4.03 of the resolution, the Department is empowered with the enforcement and collection of the additional taxes.
bThe controversy in the instant suit results from the fact that the text of the resolution failed to include a provision that would impose liability on the dealer for failure to collect the tax from its patrons. This issue was addressed by the Board of Tax Appeals (“BTA”) in Landry’s Seafood House — New Orleans, Inc. v. Department of Revenue, BTA Docket No. 5243. On July 25, 2001, the BTA ruled that because the resolution failed to impose liability on a food service establishment for failure to collect the tax from its patrons, the Department’s assessment of the NOEHA tax lacked statutory authority and was vacated and set aside. Following the BTA’s ruling in Landry’s Seafood House, NOEHA amended the resolution on October 2, 2002, to specifically include a dealer liability clause.
On September 23, 2002, the Department issued a proposed assessment of the NO-EHA tax against Hana for the taxable period of January 1, 2002 through May 31, 2002 in the amounts of $15,867.08 in taxes, $3,717.45 in interest and $3,698.12 in additional penalties. A Petition to Collect Taxes against Hana was thereafter filed on June 30, 2003.
In response to the petition filed by the Department, Hana filed a Motion for Summary Judgment arguing that the assessment lacked statutory authority to impose liability on Hana for failure to collect the tax. Hana submitted an affidavit to the district court demonstrating that it was unaware of the existence of the tax and that neither the Department nor its auditors brought the tax to Hana’s attention. Hana further maintained that as soon as it became aware of the tax in September of 2002, it began collecting the tax from its customers. The Department subsequently filed a Cross-Motion for Summary Judgment, maintaining that Hana owed the NOEHA tax pursuant to the Resolution.
| sAfter a hearing on the opposing motions, the district court granted Hana’s Motion for Summary Judgment and denied the Department’s Cross-Motion for Summary Judgment. The district court determined that the resolution did not impose liability on Hana for its failure to collect the tax from its patrons and further held that the October 2, 2002 amendment to the resolution constituted a substantive amendment that could not be applied retroactively. Accordingly, the district court dismissed all claims asserted by the Department against Hana with prejudice. This timely appeal by the Department followed.
Appellate courts review the granting of summary judgment de novo under the *946 same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must “make a showing | ¿sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” La. C.C.P. art. 966(C).
The Department argues that the district court erred in finding that Act 390 did not impose personal liability on the taxpayer, Hana, for failure to collect and remit the NOE HA tax. We disagree. In support of their argument, the Department submits that Section 4.03 of the resolution incorporated all of the provisions of Title 47 relative to the collection and enforcement of the state sales-tax. The resolution for the period of assessment reads as follows:
[t]he procedures for the enforcement and collection of [the taxes] by any Food Service Establishment shall be the same as those prescribed by the Collector for State sales taxes currently being imposed by the State of Louisiana. The Collector is hereby authorized to use the procedures established in Chapter 18, Title 47 of the Louisiana Revised Statutes of 1950 ... to the extent that they are not inconsistent with the terms and provisions of this resolution, to enforce collection of the additional taxes.
It is a well-established principle of Louisiana tax law that taxing statutes must be strictly construed against the taxing authority. Where a tax statute is susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer is adopted. Southlake Dev. Co. v. Secretary, Dept. of Revenue, 98-2158 (La.App. 1 Cir. 11/05/99), 745 So.2d 203, 206; Collector of Revenue v. Wells Fargo Leasing, Corp., 393 So.2d 1244, 1246 (La. 1981).
In the case at bar, the first sentence of Section 4.03 states that enforcement and collection of sales taxes are the same as those imposed by the State. However, when this language is read in conjunction with the last sentence of the provision, this Court finds that the resolution’s incorporation of Title 47 is limited to Chapter 18. Since we further find that the provisions of Chapter 18 of Title 47 are not | ¡¡expressly applicable to Hana, no liability should be imposed pursuant to Section 4.03 of the resolution. See La. R.S. §§ 1561-1581.
Moreover, the Department contends that if it was its intent to limit its collection and enforcement procedures to Chapter 18, only the last sentence of Section 4.03 would be required. However, if the first sentence was intended to be inclusive of all *947 enforcement and collection provisions of Title 47 as the Department purports, the last sentence granting authority under Chapter 18 of Title 47 would be unnecessary. Thus, as this Court finds that the language of Section 4.03 limits itself to Chapter 18, the resolution cannot be construed to be inclusive of all relevant provisions of Title 47.
In addition, the Department argues that the October 2, 2002 amendment to the resolution was not substantive and may be applied retroactively to the original resolution of February 24, 1988. The general rule of law is that substantive laws apply prospectively only, while procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La. C.C. art. 6. Where the legislature has expressed its intent to give a law retroactive effect, the law may not be applied retroactively if doing so would impair contractual obligations or disturb vested rights. If it does so, then in spite of legislative pronouncements to the contrary, the law is substantive, rather than procedural or interpretive. State Farm Mutual Automobile Ins. Co. v. Noyes, 02-1876 (La.App. 1 Cir. 2/23/04), 872 So.2d 1133; Crooks v. Metropolitan Life Ins. Co., 00-0947 (La.App. 3 Cir.1/17/01), 779 So.2d 966, 970, (vacated on other grounds, 01-0466 (La.5/25/01), 785 So.2d 810.)
In Segura v. Frank, 93-1271, 93-1401 (La. 1/14/94); 630 So.2d 714, 723, the Louisiana Supreme Court succinctly distinguished between substantive, | ¿procedural, and interpretive laws as follows: “Substantive laws establish new rules, rights, and duties or change existing ones. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Interpretive laws merely establish the meaning the interpreted statute had from the time of its enactment.”
In the instant suit, the resolution was amended to include a clause imposing liability on the dealer for failure to pay the NOEHA tax. Since Section 4.03 did not grant such a right of enforcement prior to the amendment, the amended resolution clearly alters the potential liability of the restaurant establishment for the failure to collect the imposed tax. Therefore, the resolution, as amended should be applied prospectively.
Decree
For the foregoing reasons, we affirm the judgment of the district court granting Hana’s Motion for Summary Judgment and denying the Department’s Motion for Summary Judgment.
AFFIRMED.