ROLAND L. BELSOME, Judge.
hThe Louisiana Department of Revenue (LDR) seeks this Court’s review of the district court’s finding that the petition filed by Dillard University with the Louisiana Board of Tax Appeals (Board) was timely.
Dillard is a non-profit organization operating as an institution of higher learning in the State of Louisiana. Subsequent to Dillard contracting for infrastructure improvements, it sought a refund of overpayment from the LDR.[1] Shortly thereafter the LDR sent a letter dated August 19, 2011, denying the request and informing Dillard that it had the “right to appeal ... within 60 days from the date of this letter.”
Dillard filed a petition for review of the denial with the Louisiana Board of Tax Appeals (Board) on October 19, 2011. LDR answered the petition by filing exceptions of prescription, no cause of action, and lack of subject matter jurisdiction. LDR’s basis for the exceptions was that the filing of the petition for review fell outside of the 60 day time delay provided for by La. R.S. 47:1625:
If the collector fails to act on a properly filed claim for refund or credit within one year from the date received by him or if the collector denies the claim in whole or in part, the taxpayer claiming such refund or credit may appeal to the board of tax appeals for a hearing on the claim filed. No appeal \ 9may be ñled before the expiration of one year from the date of filing such claim unless the collector renders a decision thereon within that time, nor after the expiration of sixty days from the date of mailing by registered mail by the collector to the taxpayer of a notice of the disallowance of the part of the claim to which such appeal relates.
Any consideration, reconsideration, or action by the collector with respect to such claim following the mailing of a notice by registered mail of disallowance shall not operate to extend the period within which an appeal may be taken. La. R.S. 47:1625 (emphasis added).
After a hearing on the exceptions, the Board granted the exception of prescription finding that Dillard’s petition was untimely. In doing so, the Board determined that: 1) even though the statute clearly provides that prescription commences from the date of mailing by registered mail, the period could not commence on a date prior to the date that appeared on the letter; and 2) La. C.C.P. art. 5059 governs the calculation of time delays for La. R.S. 47:1625.
Dillard appealed the granting of the exception of prescription to the district court. *54 Essentially, the district court made the same findings as the Board, but ultimately concluded that using the date of the letter and applying La. C.C.P. art. 5059 to the computation of the 60 days rendered the petition timely.
The LDR filed this appeal and an exception of peremption seeking reversal of the district court’s ruling. On appeal, the LDR argues that the district court erred in applying La. C.C.P. art. 5059 to calculate the 60 day period provided for in La. R.S. 47:1625. Alternatively, the LDR claims that even if the district court was correct in the use of article 5059, Dillard’s petition was still untimely.
The application of statutes is a question of law. First Nat. Bank, USA v. DDS Const., LLC, 11-1418, p. 10 (La.1/24/12), 91 So.3d 944, 952. This Court reviews questions of law de novo. Id.
| ¡jFirst, the language of La. R.S. 47:1625 is clear; the taxpayer has a 60 day period in which to file an appeal. The issue before this Court is how the 60 days is to be computed. The Board and the district court looked to article 5059 to determine computation. Article 5059 reads:
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.
La.C.C.P. art. 5059.
In further support of using article 5059, the Board has a manual providing “Rules of Procedure and Practice” which clarifies that the computation of delays “shall be as provided in LSA-C.C.P. Article 5059.” Therefore, we find no error in the district court’s application of article 5059.
Article 5059 dictates that the date that triggers the delay period is not counted. In the instant matter, the statutory language in La. R.S. 47:1625 provides that the 60 days runs “from date of mailing by registered mail.” Article 5059 read in conjunction with the revised statute indicates that the commencement of the time delays begins the day after the “date of the ... event.” The “event” under La. R.S. 47:1625 is the mailing by registered mail.
However, to further complicate this matter, the LDR had a practice of post-dating the denial letter. Thus, the mailing date would be before the asserted Udrafting date of the letter.[2] An important purpose of the denial letter is to inform the taxpayer of the time delays applicable to filing an appeal. The Board and the district court found that post-dating the denial letter and informing Dillard that it had 60 days from the date of the letter to file an appeal precluded the LDR from asserting the statutory language of “sixty days from the date of mailing” to determine the prescriptive period.
In Louisiana, taxing statutes are strictly construed against the taxing authority. Bridges v. Hana Corp., 04-0754, p. 4, (La.App. 4 Cir. 10/27/04), 888 So.2d 944, 946. The application and interpretation of statutes must be consistent with *55 logic and the presumed fair purpose and intention of the legislature in passing it. Caldwell v. Janssen Pharmaceutical, Inc., 12-2447, 12-2466, 2014 WL 341038, at 6, (La.1/28/14) (citing McLane Southern, Inc. v. Bridges, 11-1141, pp. 5-6 (La.1/24/12) 84 So.3d 479, 483; In re Succession of Boyter, 99-0761, p. 9, 756 So.2d 1122, 1129). In this case, the purpose and intent of La. R.S. 47:1625 is to give notice to the taxpayer of the time delays allowed to appeal a denial of refund. Any action of the LDR that would lead to confusion regarding the commencement of the delay period should be construed against the LDR. We find the reasoning of the district court in that respect to be consistent with the logic and fair purpose of the statute.
Therefore, the date of the letter, August 19, 2011, is when the delay period commenced. Pursuant to article 5059, August 20, 2011, was day 1 and October 18, 2011, was day 60. Therefore, Dillard’s petition filed on October 19, 2011, was untimely.
|sThe district court’s determination that the petition for review was timely is reversed. Accordingly, the Department of Revenue’s Exception of Peremption is moot.
REVERSED.

. The request submitted by Dillard sought a refund of $80,374.81 for taxes paid by the contractor.

. The LDR maintains that it no longer adheres to that practice.