| | | |
|---|---|---|
| **INTERNATIONAL RIVERCENTER LESSEE, L.L.C.** | * | **NO. 2022-CA-0428** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **KIMBERLY L. ROBINSON, IN HER CAPACITY AS SECRETARY OF THE DEPARTMENT OF REVENUE, STATE OF LOUISIANA** | * | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
BOARD OF TAX APPEALS
NO. 12329D
Honorable Judge Tony Graphia (ret.)
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Dale N. Atkins)

Jesse R. Adams, III
Camanda J. Fergus
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170-5100


  COUNSEL FOR PLAINTIFF/APPELLANT, International Rivercenter Lessee, LLC

Aaron Long
Antonio C. Ferachi
Christopher Brault
LOUISIANA DEPARTMENT OF REVENUE
P.O. Box 4064
617 N. Third Street (70802)
Baton Rouge, Louisiana 70821-4064


  COUNSEL FOR DEFENDANT/APPELLEE, Louisiana Department of Revenue

**AFFIRMED**
**December 28, 2022**

DNA
EAL
DLD

This is a tax assessment dispute. Appellant, International Rivercenter Lessee, LLC ("International Rivercenter"), seeks review of the January 13, 2022 judgment of the Louisiana Board of Tax Appeals ("Board"), which sustained the Exceptions of Peremption and Lack of Subject Matter Jurisdiction filed by Appellee, the Louisiana Department of Revenue ("Department"). For the following reasons, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

***INTERNATIONAL RIVERCENTER'S FEBRUARY 26, 2020 PETITION TO RECOVER TAXES PAID UNDER PROTEST***

On February 26, 2020, International Rivercenter filed with the Board a Petition to Recover Taxes Paid Under Protest ("Petition"). Therein, International Rivercenter explained that it operated the Hilton Riverside Hotel in New Orleans, Louisiana, for the tax period running from January 1, 2010, through June 2013 ("relevant tax period").[1] In the Petition, International Rivercenter stated that the

_____

[1] Each account is further discussed in the Opinion, but we point out that the two relevant tax accounts spanned different time periods. The New Orleans Exhibition Hall Tax Account period ran from January 1, 2010, through June 30, 2013; and the New Orleans Hotel/Motel Tax Account period ran from January 1, 2011, through June 1, 2013.

Department issued Notices of Assessment ("Notices") to International Rivercenter under New Orleans Hotel/Motel Tax account #0207332-001-450 ("Hotel/Motel Account") and under New Orleans Exhibition Hall Tax Account #0207332-001-490 ("Exhibition Hall Account") for taxes owed for the relevant tax period;[2] but International Rivercenter alleged that it did not receive these Notices and was not aware of the assessments until 2016 upon receipt of a demand for payment ("demand"). International Rivercenter contended that it submitted a protest to the demand on April 14, 2016, wherein International Rivercenter "outlin[ed] the deficiencies in the Notices and also disput[ed] that [it] owed any additional taxes as alleged in the Notices for the Tax Period[]." International Rivercenter asserted in the Petition that it did not receive a response from the Department regarding the protest.[3] International Rivercenter also contended that on October 25, 2019, the Department issued a Statement of Account, wherein "the Department contend[ed] that [International Rivercenter] continue[d] to owe delinquent Sales Tax and interest for the [relevant tax periods]."[4] Further, International Rivercenter explained that it ultimately paid under protest the taxes allegedly due for the relevant tax periods under the Hotel/Motel Account and under the Exhibition Hall Account on January 29, 2020.

---

[2] Attached to the Department's Exceptions of Peremption and Lack of Subject Matter Jurisdiction, which are discussed more fully throughout this Opinion, are thirty and sixty-day Notices that the Department alleged that it issued to International Rivercenter for both the Hotel/Motel Account and the Exhibition Hall Account. The thirty and sixty-day Notices are dated October 30, 2014, and December 30, 2014, respectively.

[3] The record before this Court lacks evidence of the alleged 2016 demand and protest.

[4] The appellate record also lacks evidence of the alleged October 25, 2019 Statement of Account.

Additionally, in the Petition, International Rivercenter explained:

> Petitioner occasionally offered complimentary rooms in the following instances, where no charge was made by Petitioner and no payment was received from the guests: (1) rooms provided to employees for work or personal travel, (2) rooms provided as part of a convention (e.g., for every 50 rooms booked, one room is provided on a complimentary basis), (3) rooms provided to potential clients during site visits, or to familiarize travel agents or tour operators with the hotel, (4) rooms provided to guests because of customer service issues, or (5) rooms provided on a complimentary basis as a donation to charitable organizations or for fundraising events.

Regarding these complimentary rooms, International Rivercenter stated that "[u]pon information and belief, the Protest Amount relates to the Department's position that hotel rooms provided by [International Rivercenter] on a complimentary basis are subject to Sales Tax at their purported full retail value." However, International Rivercenter disputed this and argued that "[i]n order for Sales Tax to be imposed, there must be an amount 'paid or charged' for the service[,]" which does not apply to rooms allocated on a complimentary basis.

### THE DEPARTMENT'S JUNE 22, 2021 EXCEPTIONS OF PEREMPTION AND LACK OF SUBJECT MATTER JURISDICTION

In response to International Rivercenter's Petition, the Department filed on June 22, 2021, Exceptions of Peremption and Lack of Subject Matter Jurisdiction (collectively "Exceptions"). Therein, the Department urged its Exception of Peremption on the basis that "[p]ursuant to La. R.S. 47:1565, a taxpayer has sixty (60) days from the date of mailing of the [Notices] and Notice of Right to Appeal to the Louisiana Board of Tax Appeals to either pay the amount of the assessment or to appeal to the Louisiana Board of Tax Appeals for a redetermination of the assessment." The Department contended that it issued the sixty-day Notice to International Rivercenter on December 30, 2014, such that International Rivercenter's February 26, 2020 Petition was well beyond the sixty day deadline

provided in La. R.S. 47:1565. Thus, The Department contended that International Rivercenter's failure to timely take action rendered the Notice final and that preemption prevented International Rivercenter the from challenging the assessments.

In urging its Exception of Lack of Subject Matter Jurisdiction, the Department argued that because International Rivercenter failed to timely act, the Board lacked subject matter jurisdiction to review the Department's tax assessments.

### *INTERNATIONAL RIVERCENTER'S SEPTEMBER 7, 2021 OPPOSITION TO THE EXCEPTIONS*

In a September 7, 2021 opposition to the Department's Exceptions, International Rivercenter argued that the assessments failed to comply with the strict requirements of La. R.S. 47:1565, such that the time delays contained therein did not begin to run. International Rivercenter concluded that it thus timely filed its Petition with the Board and that the Board possessed subject matter jurisdiction to consider the merits of the Petition. Thereafter, the Board held a hearing on the Department's Exceptions.

### *NOVEMBER 3, 2021 HEARING ON THE EXCEPTIONS*

At the November 3, 2021 hearing on the Exceptions, the Department called one of its employees, Suzette Randall ("Ms. Randall"), to testify. Ms. Randall identified the Notices sent to International Rivercenter. Each is discussed in turn.

4

*Notices Sent Pursuant to Exhibition Hall Account*

**1.     October 30, 2014 Thirty-Day Notice**

Ms. Randall identified the thirty-day notice of proposed tax due, which is dated October 30, 2014, regarding the Exhibition Hall Account. It is addressed to:

Hilton New Orleans Riverside
2 Poydras Street
New Orleans, LA 70130-1600

The thirty-day notice informed International Rivercenter that it had thirty days to respond to the Notice to avoid further penalties, interests, and fees. The October 30, 2014 Notice identified the tax type as "New Orleans Exhibition Hall." The second page of the notice informed International Rivercenter that it had thirty days to pay; to file a written protest of the proposed tax; or to request an extension of time to reply to the proposed tax. The second page also cited to legal provisions pertaining to interest and penalties.

**2.     December 30, 2014 Sixty-Day Notice**

Additionally, Ms. Randall identified the sixty-day notice, which is dated December 30, 2014, and sent pursuant to the Exhibition Hall Account. A highlighted portion of the December 30, 2014 notice provided "NOTICE OF ASSESSMENT AND NOTICE OF RIGHT TO APPEAL TO THE LOUISIANA BOARD OF TAX APPEALS." The sixty-day Notice is also addressed to:

Hilton New Orleans Riverside
2 Poydras Street
New Orleans, LA 70130-1600.

The December 30, 2014 Notice identified the tax type as "New Orleans Exhibition Hall." Further, it informed International Rivercenter that the assessment would become final in sixty calendar days. The December 30, 2014 Notice also provided that "[i]n accordance with the provisions of [La.] R.S. 47:1562, the Department . . .

5

proposes to assess the above-named taxpayer for the tax, interest, and penalty (if any) shown above. The amount due was determined by a field audit." During cross-examination, Ms. Randall testified that the Notice uses the word "proposes" because that was the format used at that time for audit review assessments.

The December 30, 2014 Notice also informed International Rivercenter that the reverse side contained important information about responding to the Notice. The reverse side instructed International Rivercenter that "[t]o avoid the distraint procedure[,]" it needed to pay the assessment or if no return had been filed, to file a return along with the remittance of the actual tax liability, penalty, and interest; pay under protest by submitting the payment with a letter informing the Department of International Rivercenter's intent to file a petition with the Board; or to file a formal petition with the Board within sixty-days. Further, the reverse-side explained that the December 30, 2014 Notice estimated the assessment because International Rivercenter failed to file a tax return.

Attached to the December 30, 2014 Notice was a letter from Patricia Porter ("Ms. Porter"), who was identified in the letter as a revenue tax auditor specialist. The letter informed International Rivercenter that it was welcome to contact Ms. Porter for further discussion but warned that such contact would not stop the running of the sixty-day period. Ms. Randall explained that after Ms. Porter's retirement, the Department assigned International Rivercenter's file to her.

Ms. Randall testified that the Department sends sixty-day notices via certified mail. She also identified the return card, or green card, indicating International Rivercenter received the December 30, 2014 sixty-day Notice.

**3.      June 2, 2017 Ten-Day Letter**

Additionally, Ms. Randall identified a June 2, 2017 letter, which also pertains to the Exhibition Hall Account. It stated that the Department would proceed to enforce collection if International Rivercenter failed to pay the amount due plus interest within ten days.

*Notices Sent Pursuant to the Hotel/Motel Account*

**1.      October 30, 2014 Thirty-Day Notice**

Ms. Randall identified the thirty-day notice of proposed tax due, which is dated October 30, 2014, regarding the Hotel/Motel Account. It is addressed to:

Hilton New Orleans Riverside
2 Poydras Street
New Orleans, LA 70130-1600

The thirty-day Notice informed International Rivercenter that it had thirty days to respond to the Notice to avoid further penalties, interest, and fees. The October 30, 2014 Notice identified the tax type as "[New Orleans] Hotel/Motel." It requested that International Rivercenter "see the reverse side for important information about responding to this [N]otice." The reverse side again informed International Rivercenter that it had thirty days to respond and pay; file a written protest of the proposed tax; or request an extension of time to reply to the proposed tax. The second page also cited to legal provisions pertaining to interest and penalties.

**2.      December 30, 2014 Sixty-Day Notice**

Ms. Randall identified the sixty-day notice, which is dated December 30, 2014, regarding the Hotel/Motel Account. A highlighted portion of the December 30, 2014 notice provided "NOTICE OF ASSESSMENT AND NOTICE OF RIGHT TO APPEAL TO THE LOUISIANA BOARD OF TAX APPEALS." It is addressed to:

Hilton New Orleans Riverside,
2 Poydras Street
New Orleans, LA 70130-1600

The December 30, 2014 Notice identified the tax as "[New Orleans] Hotel/Motel." It informed International Rivercenter that the assessment would become final in sixty calendar days. Further, the December 30, 2014 Notice provided that "[i]n accordance with the provisions of [La.] R.S. 47:1562, the Department . . . proposes to assess the above-named taxpayer for the tax, interest, and penalty (if any) shown above. The amount due was determined by a field audit." Additionally, the Notice informed International Rivercenter that the reverse side contained important information about responding to the Notice.

The reverse side instructed International Rivercenter that "[t]o avoid the distraint procedure," it needed to pay the assessment or if no return had been filed, to file a return along with the remittance of the actual tax liability, penalty, and interest; pay under protest by submitting the payment with a letter informing the Department of International Rivercenter's intent to file a petition with the Board; or to file a formal petition with the Board within sixty-days. Further, the reverse side of the December 30, 2014 Notice again indicated that the assessment represented an estimate because International Rivercenter failed to file a tax return.

Attached to the December 30, 2014 Notice was a letter from Ms. Porter. The letter informed International Rivercenter that it was welcome to contact Ms. Porter for further discussion but warned that such contact would not stop the running of the sixty-day period.

**3.      June 2, 2017 Ten-Day Letter**

Ms. Randall identified a June 2, 2017 letter pertaining to the Hotel/Motel Account. It stated that the Department would proceed to enforce collection if International Rivercenter failed to pay the amount due plus interest within ten days.

*Legal Name and Address Verification*

Finally, Ms. Randall identified the legal name and address verification form signed by International Rivercenter on April 17, 2013. The form provided International Rivercenter's legal name, trade name (Hilton New Orleans Riverside), and mailing address (2 Poydras Street, New Orleans, LA 70130-1600).

*JANUARY 13, 2022 JUDGMENT*

On January 13, 2022, the Board issued its judgment, which sustained the Department's Exceptions and dismissed International Rivercenter's Petition. International Rivercenter's timely appeal follows.

**ASSIGNMENTS OF ERROR**

On appeal, International Rivercenter asserts five assignments of error:

1.      The Board erred in concluding the notices of assessment are "precise, definite, and certain," as is required for judgments.

2.      The Board erred in concluding the purported notices of assessment are compliant with the strict requirements of La. R.S. 47:1565.

3.      The Board erred in concluding that [International Rivercenter]'s appeal was untimely pursuant to La. R.S. 47:1625, and dismissing [International Rivercenter's] petition.

4.      The Board erred in sustaining the Department's Declinatory Exceptions and Lack of Subject Matter Jurisdiction, and dismissing [International Rivercenter]'s Petition.

5.      The Board erred in sustaining the [Department]'s Peremptory Exception of Peremption, and dismissing [International Rivercenter]'s Petition.

Before turning to the merits, we begin with a brief discussion regarding appellate review of the Board's judgments.

## DISCUSSION

### *APPELLATE REVIEW OF THE BOARD'S JUDGMENTS*

Louisiana Revised Statutes 47:1435(A) provides that "the courts of appeal shall have exclusive jurisdiction to review the decisions or judgments of the [B]oard [of Tax Appeals], and the judgment of any such court shall be subject to further review in accordance with the law relating to civil matters." Additionally, regarding the actions that the appellate courts may take, La. R.S. 47:1435 states:

> C. Upon such review, the courts shall have the power to affirm or, if the decision or judgment of the board is not in accordance with law or is manifestly erroneous on the facts considering the record as a whole, to modify, or to reverse the decision or judgment of the board, with or without remanding the case for further proceedings.

> D. If a judgment of the board is to be modified or reversed and one court of appeal judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority shall concur to render judgment.

La. R.S. 47:1435(C)(D).

An appellate court applies the manifest error standard of review to the Board's judgment. That is, an appellate court will not reverse the Board's judgment unless the Board 1. "failed to correctly apply the law and adhere to procedural standards or" 2. "the Board's findings of fact are manifestly erroneous in view of the evidence on the entire record." *Pinnacle Polymers, LLC v. St. John the Baptist Par. Sales*, 2019-310, p. 10 (La. App. 5 Cir. 3/24/21), 316 So.3d 1264, 1271 (citing *Int'l Paper, Inc. v. Bridges*, 2007-1151 (La. 1/16/08), 972 So.2d 1121, 1127-28; *St. Pierre's Fabrication & Welding, Inc. v. McNamara*, 495 So.2d 1295, 1298 (La. 1986); *Falco Lime, Inc. v. Kennedy*, 1999-189 (La. App. 5 Cir. 7/27/99),

739 So.2d 953, 955; *Ferrara v. Sec'y, Dep't of Revenue & Taxation, State of La.*, 1996-806 (La. App. 5 Cir. 1/28/97), 688 So.2d 147, 148; La. R.S. 47:1435). However, if the issue on appeal involves a purely legal question concerning interpretation of a statute, then an appellate court applies the *de novo* standard of review, offering no deference to the Board's factual findings or legal conclusions. *Barfield v. Bolotte*, 2015-0847, p. 5 (La. App. 1 Cir. 12/23/15), 185 So.3d 781, 785.

In discussing statutory interpretation, this Court has held that tax statutes are strictly construed against the taxing authority. *Dillard Univ. v. Barfield*, 2013-1336, p. 4 (La. App. 4 Cir. 4/2/14), 140 So.3d 52, 55 (citing *Bridges v. Hana Corp.*, 2004-0754, p. 4 (La. App. 4 Cir. 10/27/04), 888 So.2d 944, 946). Thus, in the matter *sub judice*, this Court must strictly construe the applicable tax statutes against the Department.

### *EXCEPTION OF PEREMPTION*

### *Standard of Review*

Peremption is a type of objection raised through the peremptory exception. La. C.C.P. art. 927(2). "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.

"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. C.C. art. 3458. "Except as otherwise provided by law, peremption may not be renounced, interrupted, or suspended." La. C.C. art. 3461. In *Petkovich v. Franklin Homes, Inc.*, this Court explained that at the trial on the exception of peremption, the party pleading the exception bears the burden of

11

proof. 2021-0448, p. 2 (La. App. 4 Cir. 9/22/22), 349 So.3d 1042, 1047 (quoting

*Thrasher Constr., Inc. v. Gibbs Residential, L.L.C.*, 2015-0607, p. 8 (La. App. 4

Cir. 6/29/16), 197 So. 3d 283, 289). Thereafter, "[i]f peremption is evident on the

face of the pleadings, then the burden shifts to the other party to show that the

claim is not perempted." *Id.* at p. 2, 349 So.3d 1042, 1047-48. "Courts strictly

construe peremptive statutes against peremption and in favor of the claim."

*McGaha v. Franklin Homes, Inc.*, 2021-0244, p. 29 (La. App. 4 Cir. 2/4/22), 335

So. 3d 842, 860 (citing *Rando v. Anco Insulations, Inc.*, 2008-1163, p. 21 (La.

5/22/09), 16 So.3d 1065, 1083), *writ denied*, 2022-00374 (La. 4/26/22), 336 So. 3d

897.

In *McGaha*, this Court further stated:

> If evidence is introduced at the trial on a peremptory exception, appellate courts review the entire record "to determine whether the trial court was manifestly erroneous with its factual conclusions." *Thrasher Constr. Inc. v. Gibbs Residential, L.L.C.*, 2015-0607, pp. 6-7 (La. App. 4 Cir. 6/29/16), 197 So.3d 283, 289 (quoting *Metairie III v. Poche' Constr., Inc.*, 2010-0353, p. 4 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 449). The *Thrasher* Court further noted:
>
>> If the trial court's findings are reasonable in light of the entire record, then the appellate court may not reverse even though it would have weighed the evidence differently had it been sitting as the trier of fact. *Rando v. Anco Insulations Inc.*, [20]08-1163, p. 20 (La. 5/22/09), 16 So.3d 1065, 1082, *citing Stobart v. State, through DOTD*, 617 So.2d 880, 882-83 (La. 1993). As further explained by the Louisiana Supreme Court,
>>
>>> Under the manifest error standard, in order to reverse a trial court's determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Lomont v. Bennett*, [20]14-2483, p. 17 (La. 6/30/15), 172 So.3d 620, 632-33.

2021-0244, pp. 29-30, 335 So.3d at 860-61 (alterations in original).

In its Appellant Brief, International Rivercenter does not contend that the Petition was timely on its face. As previously discussed, the Department issued the Notices of Assessment on December 30, 2014. Per the terms of La. R.S. 47:1565(C)(3), International Rivercenter had sixty days from December 30, 2014, to either pay, pay under protest, or appeal to the Board; yet, International Rivercenter did not file its Petition until February 26, 2020. Because more than five years passed between the December 30, 2014 Notices of Assessment and the filing of the Petition, the Petition is prescribed on its face.

Notably, International Rivercenter contended that it received a demand for payment in 2016; and the record before this Court contains a demand for payment from the Department, which is dated June 2, 2017. Further, International Rivercenter admitted its receipt of the October 25, 2019 Statement of Account. Yet International Rivercenter, which is a sophisticated corporation, failed to pay, pay under protest, or appeal to the Board more than five years after the December 30, 2014 Notices of Assessment; more than four years after the 2016 demand for payment; twenty months after the June 2, 2017 demand for payment; and three months after receiving the October 25, 2019 demand. Thus, the January 29, 2020 payment under protest was not filed within sixty days of any notice or demand received from the Department.

Though International Rivercenter filed its Petition within thirty days of its payment under protest as required by La. R.S. 47:1576,[5] because the payment

_____

[5] Louisiana Revised Statutes 47:1576 provides, in pertinent part:

13

under protest was untimely, so too was the subsequent Petition. The record thus reveals that International Rivercenter clearly failed to pay, pay under protest, or file a petition within sixty days of any notice or demand received from the Department.

Rather than argue that its Petition was timely on its face, International Rivercenter instead asserts that the Department's Notices of Assessment were defective because they were confusing and imprecise. International Rivercenter argues that the December 30, 2014 Notices of Assessment are defective because they refer to La. R.S. 47:1562, the statute for proposed assessments; they propose to assess tax, interest, and possible penalty; and provide thirty-days to respond and not the sixty-days provided in La. R.S. 47:1565. To this end, International Rivercenter contends that, as a result of the defect, the sixty-day period to pay, pay under protest, or file a petition with the Board has not yet begun. We discuss each of these contentions in turn.

_____

A. (1)(a) Except as otherwise provided in Subsection B of this Section, any taxpayer protesting the payment of any amount found due by the secretary of the Department of Revenue, or the enforcement of any provision of the tax laws in relation thereto, shall remit to the Department of Revenue the amount due and at that time shall give notice of intention to either file suit or file a petition with the Board of Tax Appeals for purposes of recovery of such tax.

(2) Upon receipt of this notice, the amount remitted to the Department of Revenue or the amount of protested taxes that have been paid to the selling dealer shall be placed in an escrow account and held by the secretary or his duly authorized representative for a period of thirty days. If suit is filed for recovery of the tax within the thirty-day period, or if a petition is filed with the Board of Tax Appeals for recovery of the tax paid within the thirty-day period, the funds in the escrow account shall be further held pending the outcome of the suit, the petition, or an appeal therefrom.

1. ***Whether the December 30, 2014 Notices of Assessment Improperly Refer to La. R.S. 47:1562.***

International Rivercenter contends the sixty-day notices contain the following language:

> Please see the reverse for important information about responding to this notice.
>
> In accordance with the provisions of [La.] R.S. 47:1562, the Department of Revenue proposes to assess the above-named taxpayer for the tax, interest, and penalty (if any) shown above. The amount due was determined by an audit. If the amount due is not paid within 30 days of the date of this notice, additional penalties may be posed pursuant to R.S. 47:1602(A)(4).

International Rivercenter claims this language is atypical and confusing because it references La. R.S. 47:1562, which provides a procedure for the Department to propose an assessment. Specifically, La. R.S. 47:1562(A) provides:

> If a taxpayer fails to make and file any return or report required by the provisions of this Subtitle, the secretary shall determine the tax, penalty, and interest due by estimate or otherwise. Having determined the amount of tax, penalty, and interest due, the secretary shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of the Chapter governing the tax involved, or to any address that may be obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from United States Postal Service certified software, setting out his determination and informing the person of his purpose to assess the amount so determined against him after thirty calendar days from the date of the notice.

International Rivercenter argues that a proposed assessment does not become the equivalent of a final judgment.

In support, International Rivercenter cites *Catahoula Parish School Board v. Louisiana Machine Rentals, L.L.C.*, wherein a local tax collector issued a notice to a taxpayer, and the taxpayer claimed the notice was deficient. 2012-2504, p. 6 (La. 10/15/13), 124 So.3d 1065, 1069-70. The Louisiana Supreme Court determined

15

the notice properly advised the taxpayer it had sixty days to pay the amount of the assessment or pay the amount under protest. *Id*. at p.16, 124 So.3d at 1076. However, the Louisiana Supreme Court further found that "the notices failed to advise the Companies they had sixty days to request a hearing with the Collector. Rather, the notices advised the Companies that pursuant to La. R.S. 47:337.51(B), they had thirty days to file a written protest and request a hearing." *Id*. Accordingly, the Supreme Court concluded that the notices failed to comply with La. R.S. 47:1565 and were deficient. Thus, the Louisiana Supreme Court concluded that the taxpayer was not barred from presenting its defenses. *Id*. at p. 17, 124 So.3d at 1076.

As noted by Ms. Randall, the tax assessments in this case arose as the result of a field audit. The Department contends the reference to La. R.S. 47:1562 was a typographical error but avers that the substance of the Notices of Assessment contained all of the information mandated by La. R.S. 47:1565.

Turning to the December 30, 2014 Notices of Assessment, we note the front page contains a blocked or highlighted section that states "NOTICE OF ASSESSMENT AND NOTICE OF RIGHT TO APPEAL TO LOUISIANA BOARD OF TAX APPEALS." Further, the December 30, 2014 Notices of Assessment contained all of the language mandated by La. R.S. 47:1565: they warned International Rivercenter it had sixty days from the date of the Notice of Assessment to (1) pay the assessment in full, (2) pay the assessment under protest, or (3) file a formal petition with the Board. Unlike *Catahoula Par. Sch. Bd.*, the Notices at issue herein did not set forth an incorrect period of time for the taxpayer to seek relief. Moreover, La. R.S. 47:1565 does not require the notices of assessment to contain a reference to any statute. Nonetheless, the December 30,

16

2014 Notices of Assessment requested that International Rivercenter "**Please see the reverse side for Important Information about responding to this notice.**" On the reverse side of the December 30, 2014 Notices of Assessment, under the word "Important," is a reference to La. R.S. 47:1565.

More importantly, there is no evidence the language caused any actual confusion to International Rivercenter, who did not submit any evidence to support its contention that it was confused by the December 30, 2014 Notices of Assessment. Instead, the Petition asserted that International Rivercenter never even received the notices. Further, the Petition alleged that International Rivercenter did not owe any sales or use tax on the complimentary rooms and that International Rivercenter paid the assessment under protest. The Petition lacks any allegation the December 30, 2014 Notices of Assessment were imprecise or confusing. Therefore, we find that the reference to La. R.S. 47:1562 did not result in confusion or contradiction, and it did not render the December 30, 2014 notices of assessment defective.

**2.      *Whether the December 30, 2014 Notices of Assessment Propose to Assess a Tax.***

In its second contention, International Rivercenter points to the language in the December 30, 2014 Notices of Assessment that the Department "*proposes* to assess the above-named taxpayer for the tax, interest, and penalty (if any) shown above" and contends this renders the notices contradictory and confusing. (Emphasis added). International Rivercenter notes that one may not file an appeal with the Board of a *proposed* assessment. In support, International Rivercenter cites *Bridges v. Smith*, wherein the Louisiana First Circuit Court of Appeal ("First Circuit") determined:

17

> [T]he taxpayers did not have a right to be heard by the [Board] in this case because no formal assessment was made. The right of appeal to the [Board] is a remedy available only to the assessed taxpayer. Likewise, the taxpayers did not have a right to an internal review by the Department of the proposed assessment pursuant to [La.] R.S. 47:1563 because they did not make a written protest within thirty days of the date of the notice of the proposed assessment. The jurisprudence is replete with cases recognizing a factual and legal distinction between a notice of intent to assess taxes (pursuant to [La.] R.S. 47:1562) and a notice of formal assessment of additional taxes (pursuant to [La.] R.S. 47:1564).

2001-2166, p. 8 (La. App. 1 Cir. 9/27/02), 832 So.2d 307, 313.

In further support, International Rivercenter cites *Majestic Medical Solutions, L.L.C.*, wherein the Board noted the notice of assessment at issue contained the following, "PLEASE DO NOT IGNORE THIS NOTICE AS IT IS THE FINAL NOTICE BEFORE SEIZURE." 2017 WL 5985762, at *4 n.4. The Board determined the finality of the assessment precluded the taxpayer from requesting an overpayment refund. *Id.*, 2017 WL 5985762, at *4. International Rivercenter asserts "propose" as used in the subject Notices is contradictory to "final notice" as used in the notices in *Majestic Medical Solutions, L.L.C.*

However, we note that the December 30, 2014 Notices of Assessment contain the following language: "[t]his assessment will become final in 60 calendar days from the date of this assessment." Further, on the front page in a highlighted section, the December 30, 2014 Notices of Assessment declare "NOTICE OF ASSESSMENT AND NOTICE OF RIGHT TO APPEAL TO LOUISIANA BOARD OF TAX APPEALS." Lastly, the Notices state: "Please see the reverse side for important information." The reverse side of the December 30, 2014 notices of assessment state:

> Important.
> To avoid the distraint procedure, you must, within 60 calendar days from the date of this notice, do one of the following:

1. Pay the assessment in full to the [Department] . . . or if no return has been filed, you should file your tax return along with you remittance for your actual tax liability, penalty, and interest. . . or

2. Pay the assessment under protest pursuant to La. R.S. 47:1576. . . .

3. File a formal petition with the [Board]. . . .The 60-day period provided by R.S. 47:1565 for filing the petition with the [Board] cannot be extended. The [Board] cannot consider your petition if it is filed late.

Contacting the [Department] will not interrupt or suspend the running of the 60-day period within which you may pay under protest or file a petition with the [Board].

Please do not ignore this notice. The law provides that if you fail to respond within 60 days from the date of notice, this assessment will become final and may be collected by distraint and sale of your assests . . .

As noted by Ms. Randall, the assessment arose from the Department conducting a field audit and not from a mistake on International Rivercenter's tax return. The December 30, 2014 Notices of Assessment granted International Rivercenter leave to file a tax return within the sixty-day period. It is common knowledge that businesses routinely deduct expenses to reduce their tax burden. Thus, the December 30, 2014 Notices of Assessment recognize the amount assessed may not be the amount determined by a tax return containing deductions in the event International Rivercenter elected to file such a return. Indeed, La. R.S. 47:1565(C)(2) specifies that "[e]stimated assessments made due to the failure of the taxpayer to file a proper tax return may be corrected by the acceptance of the proper tax return." Therefore, the estimated or proposed assessment amount was subject to change upon the filing of a proper tax return. Because International Rivercenter did not file a proper tax return, as explicitly explained in the December 30, 2014 Notices of Assessment, the estimated or proposed assessment amount

19

became final after the passage of the sixty-day period required by La. R.S. 47:1565(B). The utilization of the word "propose" did not render the December 30, 2014 notices of assessment imprecise, contradictory, confusing, or defective. Instead, the December 30, 2014 notices of assessment warned of their finality. Hence, as in *Majestic Medical Solutions, L.L.C.*, International Rivercenter's failure to act within sixty days of the Notices of Assessment resulted in the finality of the assessment.

**3.** ***Whether the Notices Contained Conflicting Time Periods for International Rivercenter to Respond.***

International Rivercenter contends that the December 30, 2014 Notices informed that it had thirty days to respond but that La. R.S. 47:1565 requires a taxpayer be provided sixty days to respond to a formal assessment. In support, International Rivercenter relies on *Catahoula Par. Sch. Bd.* As indicated earlier, therein the Louisiana Supreme Court found those notices of assessment "failed to advise the Companies they had sixty days to request a hearing with the Collector. Rather, the notices advised the Companies that pursuant to La. R.S. 47:337.51(B), they had thirty days to file a written protest and request a hearing." *Catahoula Par. Sch. Bd.*, 2012-2504, p. 16, 124 So.3d at 1076. The Louisiana Supreme Court found that the notices failed to comply with La. R.S. 47:1565 and were deficient; therefore, the Louisiana Supreme Court concluded the taxpayer was not barred from presenting its defenses. *Id*. at p. 17, 124 So.3d at 1076.

International Rivercenter asserts that, similar to the notices in *Catahoula Par. Sch. Bd.*, the December 30, 2014 Notices of Assessment herein contained conflicting time periods and are deficient. Further, International Rivercenter contends it is not precluded from presenting its defenses to the assessment.

20

Specifically, International Rivercenter claims the December 30, 2014 Notices of Assessment contain the following conflicting language:

> In accordance with the provisions of [La.] R.S. 47:1562, the Department of Revenue proposes to assess the above-named taxpayer for the tax, interest, and penalty (if any) shown above. The amount due was determined by an audit. If the amount due is not paid within 30 days of the date of this notice, additional penalties may be posed pursuant to R.S. 47:1602(A)(4).

A careful review of the December 30, 2014 Notices of Assessment for both the Exhibition Hall and Hotel/Motel Accounts as contained in the record before this Court reveals that the Notices do not contain the last sentence quoted by International Rivercenter: "If the amount due is not paid within 30 days of the date of this notice, additional penalties may be posed pursuant to R.S. 47:1602(A)(4)." It is unclear from what document International Rivercenter took that quote because that sentence does not appear on the thirty-day notices either.

This Court "shall render any judgment which is just, legal, and proper upon the record on appeal." La. C.C.P. art. 2164. The Louisiana Supreme Court has long noted "[a]ppellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Med. Review Panel for Bush*, 2021-00954, p. 7 (La. 5/13/22), 339 So.3d 1118, 1124 (quoting *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88). This Court may not consider any document that is not in the record. As there is no notice in the record containing an incorrect time period, International Rivercenter's argument that confusion arose because of the conflict between the alleged thirty-days provided in the December 30, 2014 Notices of Assessment and the sixty-days required by La. R.S. 47:1565 is not supported by the record.

Moreover, we find that the December 30, 2014 Notices of Assessment contained in the record complied with the statutory requirements because they warned International Rivercenter to respond to the assessment within sixty-days in numerous places. The front of the December 30, 2014 Notices of Assessment warns "[t]he assessment will become final in **60** calendar days from the date of this assessment."  (Emphasis added).  The reverse sides of the December 30, 2014 Notices of Assessment include five separate references to the sixty-day period:

> Important.
> To avoid the distraint procedure, you must, within **60** calendar days from the date of this notice, do one of the following:
>
> 1. Pay the assessment in full to the [Department] . . . or if no return has been filed, you should file your tax return along with you remittance for your actual tax liability, penalty, and interest. . . or
>
> 2. Pay the assessment under protest pursuant to La. R.S. 47:1576.  . . .
>
> 3. File a formal petition with the [Board]. . . .The **60**-day period provided by R.S. 47:1565 for filing the petition with the [Board] cannot be extended. The [Board] cannot consider your petition if it is filed late.
>
> Contacting the [Department] will not interrupt or suspend the running of the **60**-day period within which you may pay under protest or file a petition with the [Board].
>
> Please do not ignore this notice.  The law provides that if you fail to respond within **60** days from the date of notice, this assessment will become final and may be collected by distraint and sale of your assets . . .
>         . . . .
>
> How to respond to this notice
>
> 1.  The assessment was estimated because you failed to file a tax return. . . . You should file a return and pay all amounts due . . . within **60** days from the date of this notice to prevent the assessment from becoming final.

(Emphasis added).

The December 30, 2014 Notices clearly warned International Rivercenter to respond within sixty days of the notices numerous times as required by La. R.S.

47:1565. Further, Ms. Porter's letters warned that the sixty-day deadline would not be interrupted by contacting her. As the First Circuit explained, "it is the taxpayer's obligation to follow the statutory requirements for either appealing the assessment or paying the assessment under protest, then filing suit." *Shields & Shields, APLC v. State/LA Dep't of Revenue*, 2014-0693, p. 6 (La. App. 1 Cir. 3/4/15), 168 So.3d 877, 882. The Department submitted the certified mail return cards, proving International Rivercenter received the December 30, 2014 Notices of Assessment. The December 30, 2014 Notices of Assessment contained all of the information required by La. R.S. 47:1565 in that the notices informed International Rivercenter it had sixty days from the date of notice of assessment to (1) pay the assessment in full, (2) pay the assessment under protest, or (3) file a formal petition with the Board. The December 30, 2014 Notices of Assessment did not contain confusing or contradictory language, and they are not defective. Rather, International Rivercenter failed in its duty to follow the statutory requirements for appealing the assessment or paying the assessment under protest in the sixty-day period provided by La. R.S. 47:1565.

Thus, we conclude that the Petition filed with the Board on February 26, 2020, more than five years after the December 30, 2014 notices of assessment, is untimely. The Board correctly granted the Department's Exception of Peremption.

***EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION***

Appellate courts review a ruling on an exception of lack of subject matter jurisdiction *de novo* because the exception presents a question of law. *St. Bernard Par. Gov't v. Perniciaro*, 2019-0604, p.4 (La. App. 4 Cir. 3/11/20), __ So.3d. __, ___, 2020 WL 1173569, at *2 (citing *Ryan Gootee Gen. Contractors, L.L.C. v.*

*Plaquemines Par. Sch. Bd. & One Constr., Inc.*, 2015-0325, p. 9 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 595).

"Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La. C.C.P. art. 1. "Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; and a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.

In *Shields & Shields, APLC*, the Department seized funds from the plaintiff's bank account to satisfy a tax assessment that had become final. 2014-0693, p. 2, 168 So.3d at 879. The plaintiff filed suit averring that the Department employees agreed the assessment was made in error and promised to return the funds; but the Department filed numerous exceptions, including lack of subject matter jurisdiction. *Id.* at p. 3, 168 So.3d at 879. The First Circuit explained:

> A taxpayer aggrieved by an assessment made by the Department has two remedies available to challenge the assessment: the taxpayer may appeal the assessment to the Board of Tax Appeals in accordance with [La.] R.S. 47:1565; or a taxpayer may pay the disputed tax under protest and file a lawsuit to recover the tax under [La.] R.S. 47:1576. If the taxpayer fails to appeal the assessment to the Board of Tax Appeals or make payment under protest, the taxpayer has no right of action to challenge the assessment and the trial court lacks subject matter jurisdiction to review the Department's assessment.

*Id.* at p. 4, 168 So.3d at 880 (quoting *MCI Telecomm. Corp. v. Kennedy*, 2004-0458, p. 10 (La. App. 1 Cir. 3/24/05), 899 So.2d 674, 680). Dismissing the plaintiff's petition, the First Circuit determined it lacked subject matter jurisdiction because the plaintiff did not follow either of these procedures. *Id*. at p.7, 168 So.3d at 882.

Similarly, International Rivercenter failed to appeal the assessments to the Board or make a payment under protest within the time provided by law. Thus, the Board and this Court lack jurisdiction to consider International Rivercenter's defenses to the assessments.

## DECREE

For the foregoing reasons, we affirm the Board's January 13, 2022 judgment, which sustained the Department's Exceptions of Peremption and Lack of Subject Matter Jurisdiction.

**AFFIRMED**